## Stewart *against* Roderick.

An adverse claimant who gets into possession of land by tampering with his adversary's tenant, stands in the tenant's place, and cannot resist the landlord's title where the tenant himself could not; and this whether the possession is surrendered by the mere consent of the tenant or by means of a collusive recovery.

ERROR to the Common Pleas of *Fayette* county.

This was an action of ejectment for 400 acres of land by Andrew Stewart against James Roderick and Charles Colvin, and upon his own motion L. Springer was made a co-defendant.

Andrew Stewart, having a legal title to the land in dispute, on the 29th of July 1839 gave a lease of it to the defendants from year to year in consideration of the payment of a nominal rent. The evidence of this having been given, the defendant gave in evidence the record of an action of ejectment to March term 1840, for the same land, at the suit of L. Springer against Colvin and Roderick, in which a judgment had been confessed by the defendants, upon which an *habere facias* issued, and the possession was delivered to the plaintiff, who thereupon gave a lease to the defendants.

The plaintiff then proved that this judgment was confessed in pursuance of an agreement between Springer and the defendants, by the terms of which he was to pay each of them $40 for their improvements, and that he was to pay the costs of the ejectment. This was proved by the acknowledgments of the defendants, who also said, that they were afraid of being put to costs and expense, and they thought it better to make this arrangement. The plaintiff also proved that when the ejectment was brought by Springer he employed counsel to defend against his claim; and that counsel was examined, and testified that he had no knowledge of the confession of judgment by the defendants.

The court below charged the jury, " that if the judgment confessed by Colvin and Roderick to Springer was a contrivance to transfer the possession from Stewart to Springer, it cannot avail, and the plaintiff must recover. But if the judgment was honour-

[Stewart v. Roderick.]

ably confessed, because the defendants were satisfied that Springer had a good title, and because they were not willing to risk the costs, and Mr Stewart had omitted to place himself upon the record as a co-defendant, it may have been all fair on the part of the defendants as well as of Springer."

*Howell* and *Biddle*, for plaintiff in error, argued that tne tenants were guilty of perfidy, and by the conduct of Springer, who was a party to the fraud, he placed himself in the situation of the tenants, and cannot deny the plaintiff's title. 7 *Cowen* 637, 642; 4 *Johns*. 212. The court declined to hear any further argument for the plaintiff in error.

*Dawson, contra.* Whether there was fraud or collusion was a matter of fact which could only be determined by the jury to whom it was fairly submitted. Stewart should have made himself a party to the action, and thus saved the tenants from that risk which they were desirous to avoid. Besides, the collusion or fraud of that judgment is not inquirable into here; that could only be on a motion to set it aside.

The opinion of the Court was delivered by

GIBSON, C. J.—An adverse claimant who got into possession by tampering with his adversary's tenant, stands in the tenant's place and cannot resist the landlord's title where the tenant himself could not resist it; and the principle holds with equal force where he has been let in through a collusive recovery. This rule was accurately stated by the judge abstractly; but it was deprived of its effect in its application to the facts. A tenant who confesses judgment in an ejectment, whatever his opinion of the adverse right, or the risk he would incur by holding out against it, violates his allegiance to his landlord. Before 'the 11 *G.* 2, *c.* 19, which has been followed in our Act of 1772, the tenant could not be compelled to appear to an ejectment against him; but it is shown by an anonymous case in the King's Bench, (12 *Mod.* 211), that if he had let judgment go without having given notice of the action to his landlord, execution would have been stayed till the right were tried. But he is now bound by the statute to give notice; and the landlord is bound to defend his possession where the lease contains a covenant for quiet enjoyment; but where it does not, the tenant perhaps may justifiably take measures to secure himself by calling on the landlord to make him safe, and by making terms with the adverse party in case of refusal. It is not pretended that there was a refusal in this instance; yet while the landlord was in fact defending the action by counsel who appeared to it, though not in his name, the lessees confessed judgment on terms of being exonerated from costs and paid for improvements made pursuant to their lease. It is true, as was determined in *Goodtitle* v. *Bad-*

*title*, (4 *M. & S.* 820), that a party who has recovered possession from a tenant, can be affected with his responsibility only by proof of collusion; without which, the case would stand as if the tenant had merely delivered over the possession to a stranger—a matter to be settled between him and his landlord. But could there be anything else than collusion in a case like the present? A plaintiff in an ejectment against lessees in possession, treats with them secretly, negotiates with them an agreement for judgment, bargains to pay the costs and a round sum for improvements, and finally buys them out; they confess judgment, he executes a writ of possession, turns them out, and instantly puts them in again under a lease from himself: surely a recovery thus bought and sold in violation of the tenant's fidelity, can be no less than covinous. The transaction did not admit of justification by any possible interpretation of it; yet it was put to the jury in a point of view which very naturally led them to suppose that it was legal and proper. What else could be inferred from the instruction that " if the judgment was honourably confessed because the defendants were satisfied that Springer had a good title, and they were not willing to risk the costs; and Stewart had omitted to place himself on the record as a co-defendant; it may have been all fair on the part of Roderick and Colvin, as well as of Springer." Had the tenants confessed judgment after notice to their landlord to record his appearance, there might have been colour for the act; yet it would have been no more than colour, for they would have been as much liable to costs and damages after an appearance by him as they were before it. But when we find them attorning to the adverse claimant through a preconcerted recovery, and for a consideration paid, we find the case to be too palpably within the general principle to be taken out of it. In *Goodtitle* v. *Badtitle*, the fortress was only deserted; but here the garrison was seduced from its duty, and the enemy entered by its co-operation, and if that does not constitute collusion, it would be hard to say that anything does. It is true that according to the case last quoted, Stewart might have had redress by motion in the immediate suit; but it follows not that he may not have it also by action; and whatever defect there might be in his case in respect to proof of collusion as regards Springer, the other defendants could not set up want of title against their former landlord, or their wrongful attornment to get rid of the lease. But the case is clear against all the defendants. The other points raised on the record have not been argued, and we express no opinion in respect to them.

Judgment reversed, and *venire de novo* awarded.