CATHERINE SWARTZEL *et al.* v. SALLY ROGERS.

*Error from Wyandotte County.*

In an action by one Shawnee Indian against another for partition of real property which had been patented by the United States to an ancestor, another Shawnee, the record failing to set out the patent or to show under what treaty it was made, *held* that the court cannot presume it contained restrictions; *Held* that the fact that the parties are Shawnees did not deprive the District Court nor does it forbid the Supreme Court from exercising jurisdiction either as to parties or subject matter.

On exceptions to a ruling of the court below on a motion for a new trial, it was *held*: 1st. That "insufficiency of the evidence to sustain the finding of the court" as a ground for a new trial, was not made out, the record showing that there was testimony in the case warranting the finding.

2d. That "surprise" as a ground for a new trial growing out of the sudden illness of a witness, was not sufficiently made out, the record failing to show what the witness would swear to; *Held* that the court was not bound to take the statements of counsel thereof.

3d. That "newly discovered evidence" as a ground for a new trial was not sufficiently sustained, the record showing that such evidence was known to the party before the close of the trial, and was not offered, and when the proposed testimony was purely negative and cumulative.

Section 574 of the Civil Code authorizing a new trial, of course in certain cases, *held* to apply only where suit is brought for the possession of real property under chapter 1, Title 18 of the Code, and does not apply to the action provided in that chapter by one in possession against a person claiming an adverse interest for the determination thereof, nor to an action for partition.

This was a petition to the District Court of Wyandotte county, for a partition of real estate situate in the " Shawnee Reservation " by treaties of 1854, in that county. The record shows that it was agreed that the lands described in the petition, of which partition was asked, " were duly patented to Capt. Joseph Parks, who was a Shawnee Indian, and that the parties to the action claiming through Parks, are all Shawnees.

Evidence was introduced tending to show a marriage between the mother of plaintiff and Joseph Parks, which was also contradicted by other evidence.

Other facts appear in the opinion of the court.

*Jesse Cooper*, for plaintiff in error.

*Wilson Shannon* and *W. C. McDowell*, for defendant in error.

*Cooper*, for plaintiff, submitted :

1st. The state courts have no jurisdiction either of the subject matter or of the parties. By article 1 of treaty of 1854 with the Shawnees, the sovereignty of the tribe is acknowledged, and their territory expressly exempted from the operation of our state constitution. (*Act of Admission, Comp. L.*, 75, *sec.* 1.) State courts nor legislatures have power or control over members of Indian tribes so long as tribal relations are maintained. *Johnson* v. *McIntosh*, 8 *Wheat.*, 543 ; *Fletcher* v. *Peck*, 6 *Cranch*, 142, 143 ; *Worcester* v. *State of Georgia*, 6 *Pet.*, 515 ; *Cherokee Nation* v. *The State of Georgia*, 5 *Pet.*, 1 ; 3 *Kent Com.*, 382 to 386 ; *Id.*, 387 *to* 400 ) This territory having formerly belonged to Spain, then to France, was subject to the laws

of those governments when they had control. (*Campbell* v. *Hall*, 1 *Cowp.*, 204; *Story Confl. L.*, 19.) The laws of descent of the governments obtained until changed. No change was made until after the treaty of 1854. Hence the French rule of community of interest in the estate prevailed, and governs; that is, the wife of Parks at the time he acquired the land took an undivided moiety. The laws of Kansas relating to descents are not applicable. Custom of the Shawnees did not govern so as to affect this case.

2d. The evidence proving the marriage between plaintiff's mother, Ya-ha-ma Mudeater, and Parks was not sufficient in that the only witness referring to it, Mrs. Silverheels was incompetent from the fact that she was only ten years old when it took place—near sixty years ago, and her evidence is contradicted, and Parks shown to have been husband of other women.

3d. The defendant below had a right to another trial by giving notice on the journal under section 574 of the Code. (*Comp. L.*, 224.) This proceeding is for the recovery of real property. (*How* v. *Blanden*, 21 *Vt.*, 315; *Hawley* v. *Losser*, 18 *Vt.*, 320.) The proceeding is binding on the parties. It is to recover title; possession may be recovered by proceeding for "forcible detainer." The claims of the parties are adverse.

4th. The motion for a new trial should have been granted. The sickness of witness Brown, was a surprise beyond the control of court and parties. (*Comp. L.*, 174.) Besides the evidence was not sufficient.

*By the Court*, CROZIER, C. J.

Three reasons are assigned in the argument for reversing the judgment of the court below: *First*. The court had no jurisdiction of the parties or subject matter. *Second*. The motion for a new trial ought to have been sustained. *Third*. The demand of another trial ought to have been allowed.

Swartzel and others v. Rogers.

I. The question of jurisdiction does not seem to have been presented to or passed upon by the court below. It is raised here for the first time. The record does not contain the patent issued to Joseph Parks, the ancestor, for the lands in controversy; nor does it appear that he had them under the treaty of May 10th, 1854, with the Shawnees. It may be that he did so acquire them, and that the patent contained restrictions, limitations or conditions, as contemplated by that treaty; but we cannot presume the existence of such facts. He may have acquired them by purchase out of the lands the treaty required to be sold. The record is silent upon the subject, and this court has no other accessible source of information. The fact that the contestants are Shawnee Indians, did not deprive the district court nor does it forbid to this court the exercise of jurisdiction either as to parties or subject matter. That the property belongs to Indians is not sufficient to place it beyond the jurisdiction of the state courts; and if the subject matter be within their jurisdiction, the parties, whether Indians or white men, have the right to litigate about it therein.

II. The motion for a new trial was predicated upon three grounds: 1st. The finding of the court was not sustained by sufficient evidence. 2d. Surprise. 3d. Newly discovered testimony. Of these in the order stated: 1st. It has been repeatedly held by this court, and is the law everywhere, that a judgment of an inferior court will not be disturbed on the ground that the verdict of a jury, or finding of the court, is not sustained by sufficient evidence, if there was any testimony which, if true, would warrant the verdict or finding; any other rule of law would operate to endow this court, which was intended as a tribunal for the correction of errors of law alone, with the functions of a jury; and, in effect, convert it into a *nisi prius* court. Neither the present incumbents nor the members of the bar generally, it is presumed, are prepared for a judicial

metempsychosis, which must result, not only in disaster to the judicial system of the state, but operate to repeal the constitution itself.

That there was testimony in this case warranting the finding of the court, is too apparent for argument; not only that, it is difficult to see how any man of intelligence, on or off the bench, could have come to a different conclusion. Most of the testimony is full, circumstantial and clear upon the point in issue, while the discrepancies are much less than ought to have been expected in detailing transactions coming through a period of fifty years or more.

2d. The surprise complained of was the sudden illness of a witness. It is unnecessary to consider the question of diligence, inasmuch as the materiality of the testimony of the witness is not shown. The court had a right to know what he would swear to, in order to judge of its materiality, and was not bound to take the statement of counsel or client in that behalf. The proposed testimony may have been wholly irrelevant, or entirely incompetent.

3d. The newly discovered testimony was known to the plaintiff in error before the case was submitted to the jury, and indeed before the production of the evidence was closed. At the commencement of the trial an order had been made for the separation of the witnesses, but the newly discovered evidence was not then known to the plaintiffs, and consequently the person in possession of it was not included in the order of the court. It does not appear, however, that he heard a word of the testimony of the other witnesses, or that any attempt was made to get in his testimony. Had he been offered as a witness, it may have been that the court in the exercise of its discretion, would have allowed him to be sworn, or the opposite party might have waived any objection to his testifying, which they probably would have done, the witness having been an attorney of the court. As no effort was made in

that direction, no diligence was shown; added to this, the proposed testimony was purely negative in its character, and merely cumulative.

III. Chapter 1 of Title XVIII. of the Code, provides for two classes of actions concerning real property; one where suit is brought by a person in possession against a person who claims an interest adverse to him, for the purpose of determining such interest; the other where suit is brought for the possession. The latter is, by the Code, denominated "an action for the recovery of real property," (section 570.) No other action concerning real property is so designated by that act, and section 574, which authorizes "another trial" upon the demand of the defeated party, applies to this class alone. The proceeding in the court below was not "an action for the recovery of real property," and consequently not within the meaning of that section.

This court is therefore of opinion that the court below had jurisdiction of the parties and of the subject matter, and did not err in overruling the motion for a new trial, or in refusing the demand for another trial.

The judgment will be affirmed.

All the justices concurring.