## STRIDDE . VS. SARONI.

LANDLORD AND TENANT: *Tenant bound to give notice of action to eject him—His attornment to ejector without such notice—Effect on landlord.* TAX DEED: *Failure to give notice to redeem.—Action to quiet title (Sec.* 29, *ch.* 141, *R. S.*)

1. Under sec. 18, ch. 91, R. S., a tenant who fails to give his landlord notice of an action commenced against him by a stranger to recover possession of the premises, becomes liable to the landlord for three years' rent as a penalty.

2. Upon judgment rendered against him in the action, however, the tenant, notwithstanding his failure to notify his landlord, may attorn to such stranger, (under subd. 2, sec. 1, ch. 91, R. S.,) in a case where there has been no collusion between the parties.

3. The landlord, in such a case, is not bound by the judgment as to the title or the right of future possession, but is remitted to his action of ejectment.

4. Failure to give the former owner of lands sold for taxes proper notice to redeem, is merely an irregularity, which is cured by lapse of time and adverse possession under the statute.

5. An action to quiet title, under sec. 29, ch. 141, can be brought only by one in *actual possession.*

APPEAL from the Circuit Court for *Winnebago* County.

Action commenced in June, 1864, by holder of tax title, claiming to be in possession of the land, to quiet his title. One Frederick Stridde, a brother of the plaintiff, was in possession of the premises (a city lot) before April, 1859, claiming title thereto, and occupied one part of it for a blacksmith shop and residence, and leased the remainder to one Fiewagen, who occupied the same. In April, 1859, the plaintiff, *Charles Stridde,* obtained and put upon record a tax deed of the lot (on a tax sale made in 1852), and during the same month leased an undivided half of the premises to Frederick Stridde, and the other half to Fiewagen, for a term of three years. These leases were not recorded. In July of the same year, the lot was conveyed by one Wheeler to *Saroni.* In June, 1860, *Saroni* obtained a judgment against Frederick Stridde in an action to recover possession of the whole of said lot; and the marshal's return to the execution contained the following, *inter alia:* "The within-named Frederick Stridde does not claim possession of the within-named premises, but that *Charles Stridde* has the possession thereof by virtue of a tax deed from the county treasurer; and said Frederick Stridde yields all his right of possession to the plaintiff in this suit." In March, 1862, an *alias* execution was issued on said judgment (to make the costs), on which the officer returned, *inter alia,* that he had taken possession of the land, and had delivered the possession to the agent of said *Saroni.* It appears, however, from the parol evidence, that the marshal did not see Fiewagen, nor in any way disturb his possession. Thereupon *Saroni* leased the premises to Frederick Stridde for three months, and said Frederick paid rent to him during that period. In November, 1862,

plaintiff leased the whole of the premises to Fiewagen, who underlet a part of them to Frederick Stridde; and both Fiewagen and said Frederick continued to pay rent on their respective leases last mentioned until the commencement of this action. These leases were not put upon record.

The circuit judge found that there was "no proof that defendant had any knowledge of the existence of the leases from the plaintiff to his brother and Fiewagen, or that Frederick claimed to hold under his lease from *Charles*, or that the character of Fiewagen's occupancy had been changed from that of a tenant of Frederick Stridde to that of a tenant of *Charles Stridde.*" He held, therefore, that plaintiff had not shown a possession adverse to that of the defendant. He also held, from the evidence on that subject (which it is not necessary to state), that plaintiff's tax deed was void for non-compliance with the statute in giving notice of redemption from the tax sale.—Judgment acccordingly; from which the plaintiff appealed.

*Felker & Weisbrod,* for appellant, among other things, argued that the first writ (in the action of *Saroni* against Frederick Stridde) having been returned, and it appearing that the defendant therein named was not in possession, but that a stranger was in possession under an independent claim of title, the *alias* writ could not issue. 2 Stephen's N. P., 1467. The marshal had no authority to interfere with the possession of *Charles Stridde* (*Ex parte Reynolds*, 1 Caines R., 499 ; *Clark v. Parkinson*, 10 Allen, 133) ; and he did not in fact disturb his possession. His tenants were not turned out of possession. Fiewagen was not even ordered to leave. The attornment of Frederick Stridde was void. R. S., ch. 91, sec. 1 ; Taylor's L. & T., §§ 84, 85. But if it be admitted that the marshal delivered to *Saroni* possession of one-half the premises, then the latter acquired only the interest of Frederick Stridde, or his unexpired term, which was nearly one month ; or, at most, possession of

one-half the premises, until ousted by one having title para-
mount. At the expiration of the leases to Fiewagen and Fred-
erick Stridde, the plaintiff had the right of re-entry. It ap-
pears that he did re-enter, and leased the whole to Fiewagen.—
The evidence offered to impeach the tax deed was inadmissible.
Laws of 1861, ch. 138, sec. 5.

*C. Coolbaugh,* for respondent, among other things, argued
that F. Stridde having become tenant of the defendant, would
remain such until he surrendered the possession thus acquired.
R. S., ch. 91 ; Laws of 1862, ch. 197.  2. The tax deed was
void for want of proper publication of the notice to redeem.
This omission destroyed the *prima facie* effect of the deed, and
made it necessary for the claimant to show the regularity of
all the proceedings prior to its execution.  Blackwell (2d ed.),
364–5.

DIXON, C. J.  As to the undivided half of the premises
leased by the plaintiff to Fiewagen, the plaintiff was in pos-
session at the time this action was commenced, and is therefor
entitled to maintain it.  The possession of his tenant was his
possession.  Fiewagen was not a party to the suit in the dis-
trict court, and has never been disturbed or evicted.

As to the other undivided half, that is, the half leased to
Frederick Stridde at the time of the first lease to Fiewagen,
the plaintiff was not in possession when this suit was com-
menced, and it cannot therefore be maintained.  Frederick
Stridde was evicted by process upon the judgment in ejectment
against him in the district court.  It was lawful for him, after
such eviction, to accept a new lease from the defendant *Saroni,*
who was the plaintiff in the action of ejectment.  He did so,
and henceforth this possession was the possession of his lessor,
*Saroni,* and he could not, so long as such possession continued,
attorn to the plaintiff or any other stranger, or become the
sub-tenant of Fiewagen, to whom the plaintiff subsequently
leased the whole premises.

This last conclusion is very plain; for it is expressly declared by statute, that every such attornment shall be absolutely void, and shall not in any wise affect the possession of the landlord. R. S., ch. 91, sec. 1. The only difficulty arises upon the first proposition, as to the right of Frederick Stridde to accept a lease from *Saroni* after having accepted one from and gone into possession under the plaintiff.

The statute referred to, which declares the attornment of a tenant to a stranger void, contains some exceptions, one of which is where the tenant attorns "pursuant to or in consequence of a judgment or order of a court of competent jurisdiction." Frederick Stridde took the lease from *Saroni* in consequence of the judgment in ejectment against himself in the district court, under which he had been evicted. But at the time the ejectment suit was commenced against him he was in possession as the tenant of the plaintiff, and another section of the landlord and tenant act above referred to (sec. 18, ch. 91), provides that every tenant upon whom any process, proceeding, or notice of any proceeding, to recover the land occupied by him, or the possession thereof, shall be served, shall forthwith give notice thereof to his landlord, under the penalty of forfeiting the value of three years' rent of the premises occupied by him, which may be sued for and recovered by the landlord, or person of whom the tenant holds. Other provisions of statute are to be found relating to the same or kindred subjects. See secs. 1, 2, 5 and 15, ch. 146, R. S. Frederick Stridde gave no notice of the action to the plaintiff, and allowed judgment to be taken by default; whence it is contended that the judgment in ejectment, and the lease from *Saroni* to Frederick Stridde, are inoperative as against the plaintiff. The contrary seems to be the settled rule of law in such cases. The possession is adversely and completely changed by virtue of the judgment; and the landlord is, so far, bound by the judgment, notwithstanding the want of notice; though he

is not bound as to the title, or future right of possession. The tenant who neglects to give notice, violates his allegiance to his landlord; but that is only a matter between him and his landlord, and not one which can affect the party who has recovered possession from the tenant, except the recovery be collusive, or obtained by tampering with the tenant. It is the same as if the tenant had delivered over the possession wrongfully to another person. The landlord must bring an action of ejectment to recover it. And the possession being lawfully recovered by the plaintiff in ejectment, he may execute a lease to the former tenant, or any other person, and such lease will be valid. *Goodtitle v. Badtitle,* 4 Taunt., 820; *Stewart v. Roderick,* 4 Watts & S., 188; *Foster v. Morris,* 3 A. K. Marsh., 609; *Lunsford v. Turner,* 5 J. J. Marsh., 104. Hence the lease from *Saroni* to Frederick Stridde was valid, and the attornment of the latter as subtenant to Fiewagen was void. In this view of the case, it becomes unnecessary to decide as to the sufficiency of the notice given to redeem before the execution of the tax deed; for whether it was sufficient or insufficient, the result in this case must be the same. If sufficient, the plaintiff must be defeated as to the undivided half leased by the defendant to Frederick Stridde, because of that half he is not in possession, and the defendant is; and if insufficient, we are still precluded from inquiring into that matter, because the plaintiff was in the actual and continued occupation of the other undivided half for three years next after the recording of the tax deed. There can be no doubt, we think, that the want of notice, assuming it to have been defective, was but an irregularity, which was cured by adverse possession and lapse of time under the statute.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.