## NORTHRUP & CHICK v. ALFRED ROMARY, ET. AL.

PRACTICE—*New Trials in Actions concerning Real Property.* Section 574 of the code of 1862, (§ 599 of the code of 1868,) authorizing a new trial 'of course, in certain cases, applies only where suit is brought to recover possession of real property under § 570, title 18, of the code of 1862, (or under § 595, article 24 of the code of 1868,) and does not apply to the action provided in § 569 of such title, and § 594 of said article, by one in possession of real property, against another claiming an adverse interest therein, for the determination thereof.

*Error from Coffey District Court.*

WILLIAM ROMARY brought his action against *Northrup & Chick*, and others, alleging that in March, 1866, he purchased of Perry Fuller and Alexander McDonald a certain tract of land, taking a bond for a deed, which bond was duly recorded on the 8th of June, 1867; that he paid said F. & McD. in full, on the 10th of July, 1867,

acccording to the condition of said bond; that *Northrup & Chick* had acquired the legal title to said land from said F. & McD. with full knowledge of the rights and equities of the plaintiff, and demanding judgment that the defendants be required to execute to plaintiff a good and sufficient deed, etc. *Northrup & Chick* answered, admitting their purchase, and alleging that they had acquired title to said lands " by warranty deed from said F. & McD.; that their said purchase was made on the first day of May, 1867, for a full and valuable consideration in hand paid; and that said purchase was in good faith, and without any knowledge or information that plaintiff had or claimed any right, title, or interest, either in law or equity, in or to said lands."

After issue joined, and before trial, said William Romary died, and the action was revived in the names of his devisees, Alfred, George, and Arthur Romary. The case was tried at the May Term, 1870, and a jury being waived, the court found " that the said plaintiffs have failed to establish any right, title or interest in or to the lands described in the petition," and gave judgment in favor of *Northrup & Chick* for costs. Thereupon the plaintiffs moved for a new trial, (as in actions of ejectment,) respecting which motion the record is as follows :

[TITLE:] " And now come Alfred Romary, George Romary, and Arthur Romary, (the latter by his next friend Edward Romary,) plaintiffs, by S. F. and R. & McC. their attorneys, and demand another trial of this action; and thereupon, *it is ordered* by the court, that the judgment rendered this day in this cause be vacated, and that this action stand for new trial at the next term of this court. To which ruling and order the said Northrup & Chick, defendants, except."

Northrup & Chick bring the case here on error, for a review of said order.

16

*James Rogers*, for plaintiffs in error.

No counsel for defendants in error—and no briefs for either party.

The opinion of the court was delivered by

SAFFORD, J.: This was an action brought by parties in possession of real estate, for the purpose of determining an adverse estate or interest therein, and under the authority of section 569 of the code of 1862; (§ 594, civil code of 1868, p. 747.) The cause was submitted to the court below, and judgment rendered against the plaintiffs, now defendants in error. Thereupon said plaintiffs demanded a new trial of the issues in said cause, and without any showing therefor, claiming a new trial as a matter of right under the statute. (Sec. 574, code 1862, and § 599, code 1868.) Such new trial was granted, and the defendants below, Northrup & Chick, duly excepted.

We are of the opinion that the court erred in the granting of a new trial, and for the reason that the sections last referred to are not applicable to a case of this kind. If a new trial was desired in this case, and grounds existed therefor, a motion showing such grounds should have been made as in ordinary cases under the code; §§ 306 to 310. But the point made in this case has already been decided by this court in the case of *Swartzel v. Rogers*, 3 Kas., 374, and to such case reference may be had. *

PRACTICE. Second trial—§§ 594, 595, of the code, construed.

The order of the court below granting a new trial must be reversed.

All the Justices concurring.

[* NOTE.—That part of the opinion of the court in *Swartzel v. Rogers*, (page 379, 3 Kas.,) adapted to the code of 1868, is as follows:

" Article 24 of the code, §§ 594 to 600, provides for *two classes* of actions ' concerning real property ;' *one*, when suit is brought by a person in possession against a person who

claims an interest adverse to him, for the purpose of determining such interest; *the other*, where suit is brought to recover the possession of lands. The latter is, by the code, (§ 595,) denominated 'an action for the recovery of real property.' No other action concerning real property is so designated by the code; and § 599, which authorizes *another trial*, upon the demand of the defeated party, *applies to this class alone.* The proceeding in the court below was not 'an action for the *recovery* of real property; and consequently not within the meaning of that section."

— Sec. 594, above cited, Gen. Stat., p, 747, seems to be out of place; or rather, it ought not to be grouped with the other sections (595 to 600 inclusive) of said Article 24. The actions authorized by said § 594 are *equitable*, as, to "remove a cloud," or to "quiet title." Nash's Pleadings, ch. 39, p. 653, and cases cited; also, *Stridde v. Saroni*, 21 Wis., 173; *Grimmer v. Sumner*, id., 179: In Wisconsin the plaintiff must hold the *legal* title, as was formerly the case in Ohio.' Not so in Kansas. But the plaintiff, to maintain an action under § 594, must be in *actual possession* of the property in controversy, either by himself or tenant; and the object of the action is to "determine" the adverse interest or estate in such property which the defendant "claims" to the injury or prejudice of the plaintiff's right or title. Sections 595 to 600 relate solely to actions of "ejectment," called therein actions "for the recovery of real property;" and not one of those sections has any reference or application to said § 594, nor to actions brought under said § 594.—REPORTER.]