## WILLIAM BLACKFORD V. LEE LOVERIDGE.

NEW TRIAL; *Action to Quiet Title.* In an action to compel the specific performance of a contract for the sale and conveyance of real estate and to quiet title and possession, the party failing in the action is not entitled to a new trial as a matter of right, or by simply demanding it.

### *Error from Labette District Court.*

THE action below was by *Loveridge* to perfect and quiet his title to a certain tract of land which he claimed, and of which he was in possession. The petition alleged that the M. K. & T. Railway Co. held the legal title; that he was entitled thereto, and that, *Blackford* had or claimed some interest in the said premises, etc. The defendants filed separate answers. *Blackford* denied that *Loveridge* had any right in or to the premises, and claimed that he (Blackford) had the exclusive right to purchase said tract from the Railway Co. Said company answered that it was ready to convey to the party legally entitled to purchase, upon receipt of the purchase-money. The case was tried at the November Term 1871. The findings and judgment were in favor of *Loveridge.* *Blackford* moved for a new trial as in actions of ejectment, which motion was denied, and he brings the case here on error.

*W. P. Lamb,* for plaintiff in error, cited § 599 of the civil code, and McCahon's Rep., 171.

*A. H. Ayres,* for the defendant in error, suggested that plaintiff had mistaken his remedy, and that there was no question in the case.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to compel the specific performance of a contract for the sale and conveyance of real estate, and to quiet title and possession. The action was tried by the court without the intervention of a jury. The findings and judgment were for the plaintiff below, defendant in

error.   One of the defendants below, who is now the plaintiff in error, demanded a new trial in the following words to-wit: "And now comes the said defendant, William Blackford, and demands a new trial in the above entitled cause." The court refused to grant the new trial, and the said defendant duly excepted. This is the only ruling of the court below complained of in this court. And this ruling was correct. There is only one kind of action under our statutes in which a party is entitled to a second trial as a matter of right or by simply demanding it. And that is "an action for the recovery of real property." (Gen. Stat., 748, sec. 599.) This is not that kind of action. The plaintiff in this action does not seek to recover the property, for he was already in the possession thereof. All that he seeks is to get a good title thereto. This question has already been decided in this court in the cases of *Northrup v. Romary*, 6 Kas., 240, and *Swartzel v. Rogers*, 3 Kas., 374. The judgment is affirmed.

All the Justices concurring.