MARY W. MAIN v. MARTHA A. PAYNE, *et al.*

1. LIMITATION OF ACTIONS; *Section 16 of Code, construed.* Section 16 of the civil code, relating to the limitation of actions, only applies to actions brought for the recovery of the possession of real property.

2. ————*Action for relief on the ground of Fraud; Implied Trusts; Section 18 of Code, construed.* Where A. purchases real estate as the agent of another, and pays for the same out of the funds of his principal, and without the knowledge and consent of his principal takes the deeds to the lands in his own name as the grantee, and thereafter retains the title to the property in himself to his death, and more than nine years after the purchase, and an action is brought after the decease of A. by his principal against the heirs-at-law of A. to have the heirs decreed trustees for the plaintiff's use and benefit of the legal title of such real estate, and to have them compelled to convey the legal title to the plaintiff, who is the equitable owner of the land, *held,* that such action comes within the provisions of subdivision third of section 18 of the civil code, as the action is for relief on the ground of fraud, and must be brought within two years after the cause of action has accrued. *Held,* also, that the statute excepts the principal from the limitation until a discovery of the fraud.

*Error from Lyon District Court.*

ACTION by *Mary W. Main* against *Martha Ann Payne, John W. Main,* and *Wm. T. Main,* to establish a trust and compel its execution. The facts and proceeding are sufficiently stated in the opinion. The order complained of, was made by the district court, at the September Term 1875.

*Ruggles & Sterry,* for plaintiff.

*Buck & Kellogg,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by plaintiff in error against the defendants in error and others, the heirs-at-law of Daniel Main deceased, who died intestate May 1st 1875, being at the time of his death, and for more than thirty years prior thereto, the husband of plaintiff, to have his said heirs decreed to be trustees

for plaintiff's benefit and use of the legal title to all the real estate described in plaintiff's petition, lying in Lyon county, and to have a resulting trust decreed as to said lands, and said heirs decreed to execute said trust by conveying the legal title to the plaintiff, who claimed to be the equitable owner. The facts claimed by plaintiff, are, that while said Daniel Main was husband of plaintiff, and in February 1865, and March 1866, with plaintiff's sole and separate funds he purchased the lands in question as agent of plaintiff, and paid for the same solely out of her funds, and without her knowledge and consent took the deeds to the lands in his own name, and they remained in his name until his death. By reason of which facts, it is claimed that said Daniel Main was during his life, and his heirs-at-law since his death, are trustees of a resulting trust under sections 6 and 8 of the act relating to trusts and powers, (Gen. Stat. 1868, p. 1099.) This action was commenced on the 12th of July 1875. The defendants in error answered by setting up four defenses: 1st, a general denial; 2d, the five-years statute of limitations, with some averments to support the same; 3d, the three-years statute of limitations, with averments like unto the second defense; and, 4th, matters of contract as to one quarter-section of said land. The plaintiff demurred separately to the 2d and 3d defenses, on the ground that each wholly failed to state facts sufficient to constitute a defense, each of which demurrers were overruled, and plaintiff took exceptions, and she now brings the case here for review.

It is contended by the counsel for the plaintiff, that if any section of the statute of limitations applies, subdivision fourth of section 16, (Gen. Stat. 1868, p. 632,) is applicable, as the action is for the recovery of real property, and hence, the defenses which set up the three and five-years limita-

*Actions relating to real estate, distinguished.* tions are not good, as the plaintiff has fifteen years within which to bring her suit. Is the suit brought, an action for the recovery of real property? The petition does not allege the defendants are in the pos-

session of the premises — does not state that plaintiff is entitled to the possession of the same, nor that the defendants unlawfully keep her out. It is not an ejectment action. Because the suit refers to real estate, does it necessarily follow that it is for the recovery of real property? An examination of the decisions of this court, and of the various provisions of the civil code, convinces us that an action may refer to real estate, and yet not come within the class of actions for the recovery of real property, and that the action in question is not an action of that character. It is held in *Swartzel v. Rogers*, 3 Kas. 374, that an action for partition is not an action for the recovery of real estate, and that the action for the recovery of real property, as used in sections 570 and 574, civil code of 1859, (Comp. Laws 1862, p. 224,) is a suit brought for the possession of real estate. In *Northrup & Chick v. Romary*, 6 Kas. 240, this court held that section 574, of the code of 1862, (sec. 599 of the code of 1868,) authorizing a new trial of course, in an action for the recovery of real property, applies only where the suit is brought to recover possession of real property under sec. 570 of the code of 1859, (or under sec. 595 of the code of 1868,) and does not apply to the action provided in sec. 569 of the code of 1859, and 594 of the code of 1868, by one in possession of real property against another claiming an adverse interest therein, for the determination thereof. Again, following the decisions cited, this court held in *Blackford v. Leveridge*, 10 Kas. 101, that an action to compel the specific performance of a contract for the sale and conveyance of real estate, and to quiet title and possession, by one in possession, is not an action for the recovery of real property, and that § 599, of the code of 1868, (Gen. Stat. 748,) does not give a party in such a case a new trial as a matter of right. In the case at bar, the plaintiff does not seek to obtain possession of the property; she has the equitable title, and for aught that appears, may now be in the possession of the premises. All that she seeks is, to have her title perfected. She asks that the legal title be conveyed to the equi-

table owner. The action does not come within the provisions of the fourth subdivision of section 16, civil code, and the fifteen-years limitation is not applicable. It is claimed however that said § 16 of the code not only includes actions for the possession of real estate, but also such as determine any adverse right, or interest therein. It is true, if § 16 had been adopted without its subdivisions, which limit and circumscribe its meaning, the question would arise, whether this action under review, although not an action for possession, is an action for the determination of any adverse right or interest in real estate. Construing the whole section together, we can come to no other rational conclusion, than that the action therein referred to must include an action for the recovery of the possession of real property only. In such an action, the adverse right or interest of parties to real estate may be determined. As we find no limitation for the cause of action alleged in the petition in said section 16 of the code, we are compelled to examine and construe sec. 18, (page 633, Gen. Stat. 1868.) This section prescribes that —

*1. Limitation of actions. Sec. 16 of civil code.*

*Sec. 18 of civil code.*

"Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued and not afterwards: * * * *Third,* Within two years; * * * an action for relief on the ground of fraud — the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. * * * *Sixth,* An action for relief, not herein before provided for, can only be brought within five years after the cause of action shall have accrued."

Having already concluded that this action is not one for the recovery of real property, and is not embraced in any of the provisions of section 16, it follows as a necessary sequence, that unless said action is provided for as to limitation in the subdivisions of section 18, prior to the sixth, said sixth subdivision is applicable. A cursory examination of the first, second, fourth, and fifth subdivisions of section 18, is sufficient to establish that the cause of action under discussion is not included in any of them. But if the action is one for relief on the ground of

*2. Action for relief on the ground of fraud.*

fraud, subdivision third of section 18 covers the case. The facts stated in the petition are not consistent with fair dealing on the part of the agent towards his principal; nor that he was striving to honestly perform his duties. The agent being in a position to take advantage of the trust and confidence reposed in him, violates the trust, and takes to himself the title of property belonging to his principal. A fraud was actually committed against the rights of the principal, knowingly and purposely. The acts of an agent under such circumstances, "is deemed fraudulent in law." It is not necessary that the action of the agent should be emphasized in the petition as having been done "fraudulently, or wrongfully." The acts themselves, being set forth, show this to be the fact. The intestate died in May 1875, more than nine years after the last purchase, and the retention of the title in himself only adds additional strength to the character of the fraud upon his principal. The fraud was consummated when the agent took the title to the property in his own name, at the time he made the purchase with the funds of his principal; but that an innocent party may not suffer while in ignorance of his rights, the statute excepts the plaintiff from the limitation, until a discovery of the fraud. *Young v. Whittenhall,* 15 Kas. 579. The gist of this action is, "for relief on the ground of fraud," and very clearly comes within the provision of said third subdivision of § 18 of the code.

As the answer of the three-years statute and the five-years statute of limitations, states a time since the cause of action accrued which exceeds the time defined in said subdivision third for the limitation of an action for relief on the ground of fraud, the demurrer to the defenses of the three and five-years limitations was properly overruled. Both three and five include two. The greater includes the less, and either defense was sufficient. The code gives a party fifteen years in which to bring an action for the recovery of the possession of real property, and if the party seeks less than his full rights, or chooses to divide up his cause of action, a different and a lesser period of limitation is prescribed. In this case only two years. Under this view of the statute of limita-

tions, as applied to the cause of action set forth in the plaintiff's petition, it is perhaps unnecessary to add, that the petition is defective in stating a cause of action which appears to be barred by the two-years statute. There is no allegation contained therein stating when the fraud was discovered, and as the title was taken to the intestate in 1865 and 1866, and as the action was not commenced till July 12th 1875, more than two years have elapsed since the cause of action accrued.

The judgment of the court below is affirmed.

All the Justices concurring.