J. H. HACKETT *et al.* v. C. H. PRATT AND T. S. STOVER, *as Administrators of the Estate of B. H. Dayton*.

No. 157.

1. SURVIVING PARTNER — *not permitted in his administration to set off his claim against deceased partner's estate.* A surviving partner is not entitled to reimburse himself out of the partnership estate, for money collected by the deceased partner upon notes intrusted by such surviving partner to deceased for collection only, where the latter failed to account for the money so collected.

2. STATUTE OF LIMITATIONS — *applied to this case.* If a constructive trust was created in favor of the surviving partner by the action of his copartner, it was in 1885; but the pleadings show that no claim of this character was made in court until more than five years had elapsed, and disclose no cause for the delay; the action is, therefore, barred.

Error from Allen District Court.  Hon. L. Still-well, Judge.  Opinion filed June 9, 1897.  *Affirmed.*

These proceedings in error were brought to reverse a judgment rendered in the District Court of Allen County, in favor of the defendants in error and against the plaintiffs in error, in the sum of $1,552.40, upon a bond executed by J. H. Hackett, as principal, and the other plaintiffs in error as sureties.

Hackett and B. F. Dayton were partners as money lenders.  Dayton died, and his widow was appointed his administratrix.  Hackett, as surviving partner, after executing the bond in question in this suit, commenced the administration of the partnership estate.  Hackett presented a claim for $3,312.55 against the individual estate of Dayton, which was allowed by the probate court as a fifth-class claim.  This claim was based upon two notes, the individual property of Hackett, which he had sent Dayton for collection, and which Dayton having collected, appropriated the proceeds to his own use.  The probate court ordered paid a dividend of twenty-five per cent. on all fifth-class claims against the estate of Dayton.  But Hackett had not received the dividend on his allowed claim.  Hackett had settled the partnership estate and, in his report to the probate court, gave himself credit for the amount of this claim against the individual estate of Dayton.  The court below, in its findings of fact and conclusions of law, held that he was entitled to no such credit, but that he must pay the money over to the administratrix and abide the result of the administration with the other creditors of his class.  From this decision he brings error.

· *S. S. Kirkpatrick*, and *J. D. McCleverty*, for plaintiffs in error.

*T. S. Stover*, and *J. B. F. Cates*, for defendants in error.

MILTON, J.　Counsel for plaintiffs in error in their brief say that there is but a single question presented by the record, viz. :　"Is the surviving partner entitled to payment, out of the partnership estate, of the moneys collected on his own individual notes by the deceased, or must he turn over the balance in his hands and look to the individual estate for the same?" In their answer defendants had alleged, that certain notes had been placed by Hackett, the surviving partner, in the hands of Dayton, the deceased partner, for collection only ; and, that the deceased had collected these notes without notice or knowledge on the part of Hackett and had failed to account to the latter for any part of the proceeds thereof, and that these funds had gone into the estate of said Dayton.　This was the only allegation in the pleadings in respect to a trust on the part of the deceased as to said notes. In their reply plaintiffs set up the Statute of Limitations.　Counsel in their briefs state that there is no dispute as to the facts in the case.

In the case of *Shattuck v. Chandler* (40 Kan. 516) , our Supreme Court declared that article 2, chapter 37, of the General Statutes of 1889 ( ¶ 2815 to ¶ 2822 inclusive) , provides for the winding up and settlement of partnership estates and precludes the settlement of such estates in any other manner.　The case of *Carr v. Catlin* (13 Kan. 393) , is therein cited, and the following language quoted in respect to a surviving partner who has given bonds to administer the partnership estate : " He is neither more nor less

HACKETT v. PRATT, *Administrator*.      589

June 9, 1897.          Opinion.   Milton, J.              E. Div.

than a special trustee as to this property and to this class of debts.'' He is a trustee for the benefit of the creditors of the partnership and for the administrator of the deceased partner's individual estate, and his disposition of the partnership property must be consistent with his duty as such trustee. The legal title to the unascertained interest of the deceased partner is vested in the administrator of his individual estate, and the surviving partner has no right to apply such interest to the payment of an individual debt owing by the deceased to him.

It is contended by the plaintiffs in error that the partnership funds were increased to the extent of the amount collected by Dayton from the notes placed in his hands by Hackett, and that Hackett had the right to take this into account in closing up the partnership affairs ; that he was under no legal obligation to turn over to Dayton's administrator any of the moneys of the partnership estate unless there should be a surplus after the full adjustment of the partnership business, including the moneys collected on these notes ; that Hackett was charged with the duty of winding up the partnership and turning over to the administrator the balance remaining after the partnership affairs were settled, retaining the amount due himself, including that which was due him from his deceased partner ; that the surviving partner, in making the accounting, should determine the amount due each of the partners, and that in adjusting the accounts between himself and his deceased partner he should charge the latter with all moneys paid to him, including the proceeds of the notes in question. Counsel further say that the laws governing the matters of set-off and of constructive trusts have no application here, since both the pleadings and findings of fact show that the notes in question were the individual

590    HACKETT v. PRATT, *Administrator.*

S. Dept.            Opinion.   Milton, J.            5 Kan. App.

property of Hackett, which were sent for collection only, and were not to be put into the partnership business. It follows that Hackett had no right to consider the proceeds thereof as forming any part of the partnership estate. This was the conclusion reached by the trial court and is undoubtedly correct. Hackett must have held this view at the time he filed his claim against the individual estate of Dayton. The law required him to make oath that the demand presented was due to him from the estate of Dayton after allowing all just claims and offsets in favor of said estate, and the fact that he took such oath indicates that he had no expectation at that time of making the claim which is now made.

It is hardly necessary to discuss the matter of set-off in this connection in view of the statement of counsel for plaintiffs in error that no such question arises in the case. In the case of *Moffatt v. Thompson* (5 Richardson's Equity [S. C.] 155, 57 Am. Dec. 737), we find the following:

"Surviving partner cannot set off private debt due him by deceased copartner against his share of assets collected since the dissolution of the copartnership; the effect of such set-off would be to give a preference among creditors of equal degree." See also Waterman on Set-off, 2d ed., p. 83.

The trial court rightly concluded that any right on the part of Hackett to have his claim against the individual estate of the deceased treated as a trust fund in this action was barred by the Statute of Limitations. It was not sufficiently pleaded and the defendant's answer itself showed the claim was barred under both the second and third subdivisions of section 18 of the Code. *Main v. Payne*, 17 Kan. 608; *K. P. Rly. Co. v. McCormick*, 20 id. 107.

The judgment of the District Court will be affirmed.