JACKSON CUNNINGHAM AND JEMIMA CUNNINGHAM V.
K. S. SMITH *et al.*

**No. 639.**   (61 Pac. 458.)

PRACTICE, *District Court—Action to Quiet Title—New Trial.*
Section 6, chapter 96, General Statutes of 1897 (Gen. Stat. 1899,
§ 4894), authorizing a new trial, applies only when suit is brought
for the possession of real property, and does not apply to an action
brought by one in possession against a person claiming an adverse
interest, for the determination thereof.

Error from Elk district court; C. W. SHINN, judge.
Opinion filed June 13, 1900.   Affirmed.

*James Shultz*, for plaintiffs in error.

*L. Scott*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. :  This action was brought by plain-
tiffs in error, as plaintiffs, against defendants in error,
as defendants, in the district court of Elk county, to
obtain a decree setting aside a former judgment of
such court foreclosing a mortgage upon certain real
estate occupied by plaintiffs as a homestead, and to
have the title of plaintiff thereto quieted.

The only question presented to us is, Were the
plaintiffs entitled, as a matter of right, to a second
trial in the court below, under the provisions of section
6, chapter 96, General Statutes of 1897 (Gen. Stat.
1899, § 4894) ?

The record shows that plaintiffs were, at the time
the action was commenced, in possession of the prem-
ises in question, and this action does not come within
the class of actions for the recovery of real property.
In similar cases, our supreme court has held that the

defeated party was not entitled, as a matter of right, to a second trial. (*Swartzel and others v. Rogers,* 3 Kan. 374; *Northrup & Chick v. Romary,* 6 id. 240; *Blackford v. Loveridge,* 10 id. 101; *Main v. Payne,* 17 id. 610.)

The judgment of the district court is affirmed.