CHARLES A. BLISS, *et al.*, V. ALLEN CARLSON.

CONTINUANCE; *Discretion of Court.* The matter of continuance is largely within the discretion of the trial court, and its ruling thereon will be sustained unless it appears that such discretion has been abused.

*Error from Cowley District Court.*

ACTION by *Carlson* against *Bliss & Blandin.* Trial at the March Term 1875. Verdict and judgment for plaintiff, and defendants bring the case here. The material facts, and errors complained of, are stated in the opinion.

*L. J. Webb,* and *D. A. Millington,* for plaintiffs in error.

*J. M. Alexander,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The only question presented by counsel is, whether there was error in refusing a continuance. The action was brought before a justice of the peace; the amount claimed was $115, and claimed as a balance on a building-contract, due since July 1872. On appeal to the district court judgment was recovered for $61.50. The affidavit for continuance was filed in the latter court on March 26th 1875, and alleged as ground for continuance the absence of a material witness. In reference to his absence, and the probability of procuring his testimony, the allegations are, "that the defendants have not been able to obtain the testimony of said witness; that said witness is somewhere in the territory of Colorado, but just where, or what his post-office address is, affiant does not know, although he has made numerous inquiries to ascertain it; that said absent witness went to Colorado in the spring of 1874, since which time defendant has not heard from him. Affiant further says that he expects to procure the testimony of said absent witness for the next term of this court."

The matter of continuance is largely within the discretion

of the trial court, and its ruling thereon will be sustained unless it appears that such discretion has been abused. *Ed. Ass'n v. Hitchcock,* 4 Kas. 40; *Hottenstein v. Conrad,* 9 Kas. 436; *Davis v. Wilson,* 11 Kas. 74. That disposes of this case, for it cannot be said that the court abused its discretion in refusing a continuance upon such a showing. The amount in controversy was small. The witness had been absent a year. His exact whereabouts was unknown. "Numerous inquiries" had failed to discover him. The defendant said he expected to procure his testimony at the succeeding term, but no facts were alleged from which the court could see that there was any probability thereof. *Smith v. Williams,* 11 Kansas, 104.

The judgment will be affirmed.

All the Justices concurring.