## W. W. MARBOURG v. C. H. McCORMICK, *et al.*

1. FACTS *Showing a Cause of Action; Practice.* Where the plaintiffs' pleadings show that defendant was employed to sell certain machines of plaintiffs under a contract by which the former was to sell only for cash or the notes of responsible parties; that defendant did sell a machine otherwise than for cash or good notes, and received and turned over to plaintiffs as the payment received by him what purported to be a promissory note; that he represented that said note was genuine and the maker responsible; that such representations were false and fraudulent, the note

fictitious, and the pretended maker irresponsible; that, relying upon said representations, the plaintiffs accepted the note for the machine and had consequently been damaged to the extent of the value of the machine: *Held,* That a cause of action is stated, and a motion for judgment thereon against the plaintiffs was properly overruled.

2. —————— Where the record as brought to this court fails to show when the action was commenced below, it is impossible to hold that a plea of the statute of limitations was improperly overruled.

3. —————— *Competent Testimony.* Where representations have been made that the maker of a note is a resident of a certain county, a good farmer, and has made a fine property statement, testimony that the records of said county fail to show the name of such maker on the assessment rolls or in the records of the office of the register of deeds, is, when coupled with the testimony of citizens of said county that they know of no such party, competent testimony, and tending to show that the representations were false.

4. —————— *Statute of Limitations; Fraud.* In an action on account of fraud, a mere suspicion of wrong is not tantamount to a discovery of the fraud so as to start the running of the statute of limitations.

*Error from Atchison District Court.*

At the November Term, 1878, of the district court, *C. H. & L. J. McCormick,* as plaintiffs, recovered a judgment for $231.80 and costs, against defendant *Marbourg,* who brings the case to this court. The facts, pleadings and proceedings are fully stated in the opinion.

*Everest & Waggener,* for plaintiff in error.

*B. F. Hudson,* for defendants in error.

The opinion of the court was delivered by

Brewer, J.: C. H. & L. J. McCormick commenced an action against W. W. Marbourg and James H. Lea, late partners as Marbourg & Lea, alleging that on April 14, 1874, the plaintiffs made, constituted and appointed said Marbourg and Lea their agents to sell and dispose of for cash, or notes payable to the order of the said plaintiffs, upon only good and responsible parties, McCormick reapers and mowers, on commission, as per written contract therefor, a copy of which was

attached to and made a part of the pleading; that "between the 14th day of April and July, 1874, the said Marbourg & Lea did sell and dispose of a certain mower known as the 'Advance,' of the value of $195, of the said goods and merchandise, for the sum of $180, otherwise than for cash or notes upon only good and responsible parties at short date, *but did sell and dispose of the same* for an insufficient promissory note for said sum of $180, etc., purporting to be signed by one Patrick Flynn, which note, it is alleged, plaintiffs, in consequence of representations made by defendants, etc., received *in payment of said sum of $180,*" and which "note, when executed, was, and ever since has been, and now is, worthless, and of no value to said plaintiffs, the purported maker thereof having never had any legal existence, which facts were well known to the defendants at the time," etc. To this petition, on the 5th day of November, 1878, the defendant Marbourg filed an answer containing, first, a general denial; also, alleging that defendants sold a machine to Patrick Flynn, and setting up a copy of the note taken therefor, and that said note was delivered to plaintiffs' agent December 7, 1874, in full settlement, etc.; that plaintiffs, through their agents, retained said note for over three years, and made no effort to collect the same; also, pleading the statute of limitations. To this answer plaintiffs filed a reply, containing a general denial, and specially denying that plaintiffs had received the note in satisfaction of any claim against the defendants; also, denying the execution of said note; and in the fourth count or paragraph of said reply alleging, "*that this action is brought to recover damages sustained by plaintiffs upon a written contract, and not for the price of said machine so sold upon rescinding said contract or settlement;*" and then alleging that they "did not discover the fraud, etc., until within two years prior to the commencement of this action, to wit, in the spring of 1877." The execution of the note was denied under oath. After the issue had been thus made up, the defendant Marbourg filed a motion for judgment on

the pleadings, which motion was overruled.    Trial was then had, which resulted in a judgment in favor of the plaintiffs; and from such judgment Marbourg brings error.

Four principal grounds of error are presented:

1. It is alleged that the court erred in overruling the motion for judgment on the pleadings.    In this we think the criticisms of the learned counsel for plaintiff in error technical rather than sound.    The action was commenced before a justice of the peace, and the plaintiffs' first pleading was a bill of particulars, and not a petition.    We think, from the plaintiffs' pleadings, it sufficiently appears that defendant was employed to sell certain machines of the plaintiffs under a contract by which the former was to sell only for cash or the notes of responsible parties; that defendant did sell a machine otherwise than for cash or good notes, and received and turned over to plaintiffs as the payment received by him, what purported to be the note of one Patrick Flynn; that he represented that said note was genuine and the maker responsible; that such representations were false and fraudulent, the note fictitious, and the pretended maker irresponsible; that, relying upon such representations, the plaintiffs accepted the note for the machine, and did not discover the fraud until within two years prior to the commencement of suit, and that they had consequently been damaged to the extent of the value of the machine.

It may be that the pleader was in doubt whether to count upon the simple breach of the contract in selling contrary to its terms, or in an action of deceit for passing off upon the plaintiffs, by false and fraudulent representations, a worthless piece of paper as a note of value, and so has stated all the facts in the history of the case.    It certainly seems to us he has stated enough, and if he has stated more than enough it is not matter to the prejudice of defendant.

2. It is objected that the action was barred by the statute of limitations.    A sufficient reply to this objection is, that nowhere in the record, as it comes to this court, is it shown when the action was commenced.    The date when certain

pleadings were filed appears, but the first pleading preserved is an amended bill of particulars, and how many pleadings preceded that, and when filed, we can only conjecture. It would seem probable from the allegations in the reply, as well as from a portion of the testimony, that the suit was not commenced until the spring of 1877; but such probability will not warrant us in disturbing a judgment rendered upon a knowledge of the exact facts.

3. It is insisted that there was error in the admission of testimony. It appears from the testimony of plaintiffs' agents that defendant represented that Patrick Flynn lived in the southern part of Brown county, near Kennekuk; that that was his post-office address; that he was a good farmer, and had made him a nice property statement. Besides the testimony of parties living in or near Kennekuk as to their knowledge of any person of such name, plaintiffs offered the testimony of the register of deeds of Brown county to the effect that he had examined the indices of the records of his office without finding any such name, and of the county clerk that no such name appeared on the assessment rolls. Similar testimony was also offered from the county officers of Atchison and Doniphan, two adjoining counties. Of this testimony defendant complains, but we think it was competent. It was testimony tending to show that no one answering to the description and name given did in fact live in the vicinity of Kennekuk. Proof of a negative is often difficult, and consists of a variety of circumstances, and the silence of the county records is a circumstance tending to show that no well-to-do farmer of that name was living in the county. Of course such silence is not conclusive, but it is a significant fact, and worthy of the consideration of the jury.

4. A final error is alleged in the instructions. The court charged that "the time when the statute of limitations would commence to run would not be when mere suspicions were aroused, as that could not be in itself regarded as a discovery, but as a circumstance leading to further investigation. So that in this case, if you find from the evidence as adduced

any fraud on the part of defendant, the discovery of such fraud would be when the plaintiffs had knowledge thereof, and not when they had mere suspicions only." The testimony upon which such instruction was founded was that of plaintiffs' agent, that when he made settlement with defendant and received the note his suspicions were aroused by noticing that it was all in the handwriting of the defendant, the maker not signing but making his mark; that thereupon he inquired of defendant concerning the maker, and received in reply the statements and representations heretofore noticed; that these suspicions were afterward strengthened by the return of a letter uncalled for, which he had directed to Patrick Flynn, at Kennekuk. Now in view of these facts, we think the instruction correct. "Discovery of the fraud" is the language of the statute. That implies knowledge, and is not satisfied by mere suspicion of wrong. The suspicion may be such as to call for further investigation, but is not of itself a discovery. A party, even though his suspicions have been aroused, may well be lulled into confidence, and take no action by such representations as were made. And it would be strange if a party who had disarmed suspicions by his representations could thereafter plead those suspicions as ground for immediate inquiry and action. This is not a case where a party is chargeable with notice of existing equities or the rights of third parties, but involves simply the question of liability between the immediate parties.

Other matters are noticed in counsel's brief, but we deem these the most important; and upon the whole case we think the judgment was right, and must be affirmed.

All the Justices concurring.