AGNES H. KENNEDY, *et al.*, V. JOHN T. KENNEDY.

CAUSE OF ACTION, *Barred.* In an action to enforce a trust, it appeared from the findings of fact, supported by sufficient evidence, that the defendant, from 1866 to 1869 inclusive, took conveyances of real estate in his own name, without the consent of the parties whose money paid the consideration. As the action was not commenced till May 30th, 1876, and no exceptions shown to take the case out of the statute, the court correctly found, as a conclusion of law, that the plaintiff's cause of action was barred by the statute of limitations. (*Main v. Payne,* 17 Kas. 608.)

## *Error from Linn District Court.*

ACTION by *Agnes H. Kennedy* and others, against *John T. Kennedy,* to enforce a trust. Trial by the court at the November Term, 187^, and judgment for the defendant. The plaintiffs bring the case here. The opinion states the facts.

*W. R. Biddle,* for plaintiffs in error:

Before the statute begins to run in favor of a trustee, there must be, first, an unequivocal and continuous repudiation of the trust; second, a possession of the property adverse to the *cestui que trust,* and such adverse holding must be brought home to the knowledge of the *cestui que trust* beyond question of doubt. There must be no mistake or misapprehension as to the character of the adverse holding by either party. (2 Perry on Trusts, § 864; 14 Allen, 516; 24 Ga. 217, 558; 1 Duvall, 369.)

*S. Douglas,* and *Jas. D. Snoddy,* for defendants in error:

This action was barred before it was begun. (Civil Code,. §18; 2 Perry on Trusts, §865; 15 Wis. 55; 60 Pa. St. 315, 316; 81 id. 301, 302; 16 Serg. & R. 379; 7 Johns. Ch. 91.)

The opinion of the court was delivered by

HORTON, C. J.: Action by Agnes H. Kennedy (late Taylor), James W. Kennedy, and six others, as plaintiffs, against John T. Kennedy, as defendant, commenced May 30th, 1876, in the district court of Linn county, to enforce a trust. At the November term, 1876, the court overruled a demurrer to plaintiffs' petition, and upon proceedings in error to this. court the ruling was affirmed at our July term, 1878. (*Kennedy v. Taylor,* 20 Kas. 558.) On December 25th, 1878, defendant filed an answer setting up among other defenses, that he obtained deeds to himself of all the lands in controversy prior to 1869, and alleging plaintiffs' cause of action was barred by the statute before the filing of the petition. The case was tried before the court, without a jury. The court stated in writing the conclusions of fact found separately from the conclusions of law. The conclusions of fact are:

"1. That John Kennedy died, in the town of Cleves, Ohio,. on or about the 17th day of July, 1863, intestate, leaving Alice Kennedy, widow of said John Kennedy, and the following-named children: Sarah J. Kennedy, since Sarah J. Parker, who has since died, leaving her husband, William Parker, and her children by said husband, (Rilla A. Parker, Horace Parker, William Parker, jr., and Edwin Parker,) John T. Kennedy, Agnes H. Kennedy, since Taylor by marriage, and now Agnes H. Kennedy by divorce, Alice M. Kennedy, now Harrison by marriage, and James W. Kennedy, his heirs-at-law.

"2. That there was no administration on the estate of the said John Kennedy, deceased, but that his said widow and children took possession of his property left by him at his death, and his business, and conducted the same in the name of his said widow, Alice Kennedy, the said business being managed and conducted for the most part by the defendant

herein, John T. Kennedy, up to sometime in the year 1866, at which time the property of the said deceased, with the increase and profits added thereto, amounted to $3,800.

"3. That in the years 1866 and 1867 the defendant, John T. Kennedy, by consent of said widow and children, and with the understanding that he should invest the said money in lands and a store, or other business for said widow, his mother, in the state of Kansas, received said money, and invested the same in lands, and a saw-mill and saw-mill business in the state of Kansas.

"4. That he, defendant, first invested the said moneys in lots 5, 6 and 7 of sec. 22, T. 20, R. 24, in Linn county, Kansas, and in the half of the north half of N.W. ¼ of sec. 28, T. 20, R. 24, Linn county, Kansas, and in a saw-mill and business, in the years 1866 and 1867, and took the title to said lands in his own name without the consent of said widow and said other children of said deceased.

"5. That he afterward sold and closed out said saw-mill business, and sold and transferred a part of said lands, and with the proceeds purchased and improved other lands, of which he is now in possession, and the title to which he took and now holds in his own name, without the consent of the said widow and other heirs of the said John Kennedy, deceased, to wit: The undivided half of the north half of the northwest quarter of sec. 28, T. 20, R. 24, in Linn county, Kansas, purchased by the said defendant in 1866, and the title taken by him in his own name; also the undivided one-third of the north quarter of the northeast quarter of sec. 35, T. 20, R. 24, in Linn county, Kansas, purchased and the title taken by said defendant in his own name, in the year 1869; also the southwest quarter of sec. 34, T. 20, R. 24, in Linn county, Kansas, purchased and the title taken by him, the defendant, in his own name, in the year 1869.

"6. That the said Alice Kennedy, widow of the said John Kennedy, deceased, died intestate in the year 1875, March 22d, in Linn county, Kansas, leaving the parties plaintiff and defendant to this action her lawful heirs.

"7. That the said defendant took the deeds to all of said lands in his own name from 1866 to 1869, inclusive.

"8. That Alice M. Harrison, on her own motion, caused this action to be dismissed as to her, during the trial thereof."

The conclusions of law are:

"1. That the defendant, John T. Kennedy, committed a fraud on the said Alice Kennedy, widow of John Kennedy,

deceased, and on the other children of said John Kennedy, deceased, in taking the title to said lands in his own name without their consent.

"2. That plaintiffs' cause of action arose at the time when the said defendant so took the title to said lands in his own name without the consent of the other heirs of John Kennedy, deceased.

"3. That the plaintiffs' cause of action was barred by the statute of limitations before the commencement of this action.

"4. That the defendant is entitled to a judgment for his costs expended in this action, against the said plaintiffs."

Judgment having been entered for the defendant, the plaintiffs bring the case here for review.

On the part of the defendant, a motion has been made and argued to strike from the record attached to the petition in error some thirty pages of testimony alleged to have been inserted after the case-made was withdrawn from the office of the district clerk. In view of the result we have reached, it is unnecessary for us to pass upon the motion. The conclusion of law, that the plaintiffs' cause of action was barred by the statute of limitations before the commencement of this action, is fully sustained by the findings of fact and also by the evidence. We need refer only to *Main v. Payne,* 17 Kas. 608. The fraud of John T. Kennedy was consummated when he took the title to the real estate in his own name.

The judgment of the district court will be affirmed.

All the Justices concurring.