SAMUEL WESTHEIMER V. C. A. COOPER *et al.*

NEW TRIAL, *Refused — Discretion of Court — Ruling, Not Reversed.* The application for a continuance of the hearing on a motion for a new trial is addressed to the discretion of the trial court, and unless it plainly appears that there has been an abuse of such discretion by a refusal to grant it, this court will not reverse the ruling.

*Error from Rice District Court.*

THE opinion states the case.

*M. A. Thompson,* for plaintiff in error.

*J. H. Bailey,* for defendants in error.

Opinion by SIMPSON, C.: This action was commenced before a justice·of the peace in Rice county, by the plaintiff in error, who was a wholesale liquor dealer in St. Joseph, Mo., against the defendants in error, who were parties doing business at Lyons, in said county. The trial before the justice resulted in a judgment in favor of the defendants. The case was appealed to the district court, tried by a jury, with a verdict and judgment in favor of the defendants. There was the usual motion for a new trial, which was overruled and excepted to. Numerous errors are assigned, for which it is claimed the judgment ought to be reversed. The case was tried in the district court on the pleadings filed before the justice. The defendants in error pleaded that they had made a full, complete and final settlement with the plaintiff in error through his authorized attorneys, and adjusted all matters of difference between them, and had paid him an agreed sum, and held his receipt in full settlement of the account, and attached a copy of it as an exhibit to their answer, which was verified. This answer was filed on the 24th day of June, 1886, and the trial in the district court was held at the May term, 1887.

I. The first complaint is, that the trial court allowed the defendant Cooper to answer this question: "You may state

if there was any dispute about these accounts." The witness answered, "Yes, sir; there was a dispute." The next question was: "Now you may state to the jury what this dispute was about; tell all there was connected with it." There is no possible objection to this mode of examination. The first question was but preliminary, and cannot be classed as a leading question.

II. The next complaint is founded on the refusal to strike out the evidence of defendant Cooper, that Fuller was authorized to make the settlement. The plaintiff in making his case had proved that Fuller was his authorized attorney to make the collection, and had been instructed to make a settlement on the basis of a payment of fifty cents on the dollar, so that if it was erroneous — and that is doubtful — it was not prejudicial.

III. The next complaint is the refusal of the trial court to allow a continuance on the motion for a new trial. The attending circumstances do not seem to justify us in saying that the trial court abused judicial discretion in refusing the continuance. We have considered the question in both aspects of surprise and misconduct, and we are very clear that the plaintiff in error was not entitled to it on the ground of surprise. The answer of the defendants had been on file for almost a year, informing the plaintiff in error that they relied on a settlement, and an adjustment of all differences, and the payment of an agreed sum, as a defense. Very little thought would apprise counsel of the character of the evidence necessary to sustain such defense. Apart from the verified answer, their receipt exhibited would make their defense, *prima facie* at least, and the burden of proof would be upon the plaintiff, and it is difficult to conceive how he was surprised by the evidence of the defendants. Conceding that Cooper stated just what is claimed before the justice, still there remains the receipt, reinforced by the testimony of Ogden.

We fail to find anything in this record that justifies a

reversal of the case, and it is therefore recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.