The City of Clay Center v. D. H. Myers, *as Assignee of John Higinbotham*.

Fraud — *Limitation of Action.* Where an action is brought to impose a trust upon the entire assets of one who has wrongfully or fraudulently converted public funds, the action must be brought within two years, under the provisions of subdivision 3, § 18, of the civil code.

*Error from Clay District Court.*

Action by the *City of Clay Center* against *D. H. Myers*, as assignee of John Higinbotham, insolvent, to recover the amount deposited with said insolvent in trust. At the June

term, 1892, judgment was rendered for defendant, and plaintiff comes to this court.

*F. L. Williams, C. C. Coleman,* and *B. B. Tuttle,* for plaintiff in error.

*Harkness & Godard,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: As was said in *Myers v. Board of Education,* 51 Kas. 87, the moneys sought to be recovered in this action

"were school funds collected and held for specific public purposes, and the bank, its owners and manager, all knew of the trust character of the funds, and hence there is no excuse for their misappropriation."

It was found by the trial court

"that Spicer, the treasurer of the city of Clay Center, was never authorized to deposit the funds coming into his hands as treasurer in the Clay Center bank, and the officials of the city had no knowledge that it was so deposited until the bank ceased to do business."

It was charged in the petition

"that John Higinbotham, the owner of the bank, at all times knew and was well advised that the money deposited by Spicer belonged to the city, but received the same and merged it into his own assets, with full knowledge of the fact that it was plaintiff's money and had come into Spicer's hands as a public trust by virtue of his being city treasurer."

This action was not commenced until two years and three months after the property of John Higinbotham, including the bank assets, came into the hands of his assignee. The trial court held that the two-years statute of limitations had barred the right of the city, as *cestui que trust,* to reclaim the funds misappropriated. It was observed in *Myers v. Board of Education, supra,*

"That the confusion of trust property wrongfully converted does not destroy the equity entirely, but when the funds are

traced into the assets of the unfaithful trustee, or one who has knowledge of the character of the funds, they become a charge upon the entire assets with which they are mingled."

"Fraud, in the sense of a court of equity, properly includes all acts, omissions and concealments which involve a breach of legal or equitable duty, trust, or confidence justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another." (1 Story, Eq. Jur., § 187.)

"Constructive fraud consists in any act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience, and operates to the injury of another. The former implies moral guilt; the latter may be consistent with innocence." (Black, Law Dict., § 517.)

Equity is invoked by the plaintiff to charge the assets of John Higinbotham, in the hands of his assignee, with the trust funds wrongfully converted. The wrongful conduct or fraud of the bank is the gravamen of this action; but, as more than two years have elapsed, the plaintiff's right of recovery was barred, under the provisions of subdivision 3, § 18, civil code. (*Main v. Payne*, 17 Kas. 608; *Kennedy v. Kennedy*, 25 id. 151.)

The plaintiff attempted to follow the trust funds. It did not pursue its claim as a general creditor upon an implied contract. It voluntarily delayed too long in commencing its action to impose a trust on account of the wrongful or fraudulent conversion of its moneys.

The judgment will be affirmed.

All the Justices concurring.