DAVID E. GURNEY v. JOHN STEFFENS.

No. 7958.

HEARING MOTIONS—*Discretion of Court.* The order of procedure of the district court is largely within its discretion, which may be exercised, among other things, with a view to economy of its time; and where numerous motions are pending for executions against stockholders of a corporation, and a petition has been filed by them in the same court for the purpose of vacating and setting aside the judgment against the corporation as to them, and, in the absence of the district judge from the county, the probate judge has granted a temporary injunction against the proceeding on such motions, it cannot be *held* that the district court abused its discretion in making an order that the hearing upon the motions be postponed until such time as further orders should be made in said injunction proceeding.

*Error from Wyandotte District Court.*

ACTION by David E. Gurney against John Steffens. From an order postponing the hearing of a motion the plaintiff brings error. The opinion, filed January 11, 1896, states the case.

*Hutchings & Keplinger,* for plaintiff in error.

*McGrew, Watson & Watson,* for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : The sole question in this case is whether or not the court erred in granting a postponement of the hearing of a motion. On April 11, 1891, the plaintiff recovered a judgment in said court against the Kansas City Radiator and Iron Foundry Company, a corporation, for $37,770.77. Execution having been issued and returned unsatisfied, the plaintiff, on June 23, 1891, filed his motion for execution against the defendant as a stockholder of said corporation. On July 25, 1891, the defendant filed an answer to said motion, alleging, among other

things, that said judgment was fraudulent and void, and upon his application the hearing was postponed until September 21, 1891, being the first day of September term.   On August 10, 1891, the defendant and 13 others filed a petition alleging that they had been proceeded against severally as stockholders by motion, and asking that said judgment be vacated and set aside as to them, and that further proceedings upon said several motions be enjoined; and, the district judge being absent from the county, application was made to the probate judge for a temporary injunction, which was granted on the giving of an undertaking in the sum of $1,000 conditioned as required by law. On September 21, 1891, the motion of the plaintiff for leave to issue execution against the defendant came on to be heard, but the defendant objected to further proceedings thereon, and asked a postponement until the dissolution of said temporary injunction; and after the hearing of the evidence upon said objection, the court ordered that the hearing of said motion be postponed until such time as further orders should be made in said injunction proceedings, to which ruling the plaintiff excepted, and this proceeding in error is prosecuted to reverse said order of the trial court.

It is contended on the part of the plaintiff that this order of postponement was an unwarrantable interference with his right to proceed upon motion as authorized by the statute; that the petition in the injunction case did not state a cause of action; that said injunction order was void; that no service had been obtained upon him; and that all matters between the plaintiff and the defendant could be litigated as well upon said motion as in an independent action.   We deem it unnecessary to discuss the merits of these claims further than to say that the order of

procedure of the district court is largely within its discretion, which may be exercised, among other things, with a view to economy of its time. (Civil Code, §§ 314, 316 ; *Green v. Bulkley*, 23 Kan. 130, 134.) Fourteen separate motions were pending for execution against stockholders of this corporation. The action to vacate the judgment and to restrain further proceedings on the motions was well adapted to test the rights of all parties at once, and this might save much time. It could not be presumed that the court intended an unreasonable postponement with a view to embarrass the plaintiff in obtaining his rights. The record does not even show that it was the purpose of the court to continue the motion over the term. It has been often decided that the granting of a continuance or postponement is much within the discretion of the trial court, and, unless it is apparent that such discretion has been abused, this court will not reverse the ruling. (*Davis v. Wilson*, 11 Kan. 74, 81 ; *Bliss v. Carlson*, 17 id. 325 ; *Harlow v. Warren*, 38 id. 480 ; *Westheimer v. Cooper*, 40 id. 370 ; *Clouston v. Gray*, 48 id. 31, 36.)

The record does not show an abuse of discretion by the district court, and its judgment must be affirmed.

All the Justices concurring.