ELIZABETH ROGERS, *Appellant,* v. MINNIE M. LINDSAY, as Administratrix, etc., *Appellee.*

No. 17,794.

SYLLABUS BY THE COURT.

ACCOUNTING—*Guardian*—*Fraud — Laches — Action Barred.* In an action in the nature of an accounting brought against the representative of the deceased guardian by the ward more than six years after the final settlement of the guardian in the probate court and the attainment of majority by the ward, and where it appears from the evidence that the mistake or constructive fraud could have been discovered at the time of the settlement, it is held that the finding of the court that the ward has been guilty of laches and can not maintain the action will not be disturbed.

Appeal from Neosho district court. Opinion filed April 12, 1913. Affirmed.

*A. S. Lapham,* and *John W. Lapham,* both of Chanute, for the appellant.

*Ross B. Smith,* and *Claude M. Brobst,* both of Chanute, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appellant to recover from the administratrix of the estate of George N. Lindsay the sum of $413.73, with inter-

est, which it is claimed George N. Lindsay had received as guardian of appellant and had failed to account for in the final settlement of the estate. Lindsay was appointed guardian of the appellant and her younger brother in 1898 and made several annual reports. On the 1st day of July, 1903, at which date the appellant attained her majority, he made final settlement as to her share of the estate in the probate court of the county, which settlement was approved by that court. On August 19, 1903, the appellant signed and delivered to Lindsay a receipt for $2604.36, in full for her distributive share of the moneys held by Lindsay as her guardian.

Appellant testified that her mother was with her in the probate court when the settlement was made and thereafter when the receipt was given. During all the time Lindsay was her guardian she depended largely upon her mother to look after her interests in the business. It appears that two items of the amount claimed appeared in the final account filed, and that all the items appeared upon the guardian's books. There is no evidence that there was any attempt at concealment either of the book account or the final settlement account from the appellant or her mother. All of the evidence construed together indicates that there was a mistake on the part of the guardian and the probate court rather than any intentional fraud. Indeed, the evidence tends to show that there were errors in the account to the prejudice of the guardian, although he was a man of large business experience.

In *Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846, in an action to set aside a fraudulent conveyance, it was said:

"The fraud is deemed to have been discovered whenever, in the exercise of reasonable diligence, it might have been discovered, and in such a case reasonable diligence required an examination of the record, which

would necessarily have disclosed the fraud alleged." (Syl.)

(See, also, *Black v. Black,* 64 Kan. 689, 68 Pac. 662.)

In the exercise of reasonable diligence it is apparent that the fraud or mistake could have been discovered at the time of the final settlement, July 1, 1903. The action was commenced about six and one-half years thereafter. The court found that the appellant was guilty of laches in bringing the action and that she could not recover thereon.

The judgment is affirmed.