**PRESTON v. KAW PIPE LINE CO. et al.**

**No. 2142.**

Circuit Court of Appeals, Tenth Circuit.

June 28, 1940.

Rehearing Denied Aug. 9, 1940.

O. B. Martin, of Blackwell, Okl., and W. N. Stokes, of Oklahoma City, Okl. (Albert L. Orr, of Medicine Lodge, Kan., on the brief), for appellant.

A. W. Hershberger and George Stallwitz, both of Wichita, Kan. (Ralph J. May, of Oklahoma City, Okl., A. F. Molony, John R. Ramsey, and B. W. Griffith, all of Tulsa, Okl., Oscar Ostrum, J. E. Driscoll, Harold McCombs, and J. C. Ruppenthal, all of Russell, Kan., H. C. Osborne, of Wichita, Kan., O. R. Stites, of Bartlesville, Okl., Roland Boynton, of Topeka, Kan., J. P.

Greve, of Tulsa, Okl., and William F. Pielsticker, of Wichita, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Ben Preston filed this action in the District Court of the United States for the District of Kansas, December 30, 1938, against two hundred eight defendants, seeking to be declared the equitable owner of certain oil and gas leases covering approximately four townships of land in Russell County, Kansas. The defendants include the owners of the real estate covered by the leases, certain owners of subsequent leases, and oil companies owning and operating producing wells on some of the property. The essential allegations of the petition are: That prior to June 25, 1921, the defendant land owners induced the Focks Drilling and Manufacturing Company to agree to drill an oil and gas well on this block of acreage; that the leases were executed by the defendant land owners to the Focks Drilling and Manufacturing Company and were placed in escrow in the Bunker Hill State Bank; that by the terms of the escrow agreement the leases were to be retained in the bank until the Focks Drilling and Manufacturing Company had erected a derrick, placed machinery on the premises, and spudded in a test well, at which time they were to be delivered to it; that the leases and the drilling agreement were assigned to plaintiff; that a well was spudded in while the escrow agreement was in full force; that the bank refused to deliver the leases to plaintiff but returned them to the land owners, who thereafter gave leases to other persons; that the action of the land owners and the escrow agent has prevented plaintiff from completing the test well.

The prayer of the complaint was that plaintiff be decreed to be the equitable owner of the oil and gas rights under all of the original oil and gas leases on all the real estate covered thereby; that the defendant owners be required to execute new leases to plaintiff; that the defendants now holding leases on the land be decreed to be trustees for plaintiff; and that the defendants who have produced oil or gas from any of the premises be required to account to plaintiff for the same.

Motions were filed to dismiss the bill of complaint on the ground that it failed to state a cause of action, because the alleged cause of action was barred by the Statute of Limitations. The motions to dismiss were sustained on the ground that the cause of action was barred by the Statute of Limitations and by laches, and judgment was entered for defendants and against plaintiff, from which judgment this appeal is taken. The parties will be referred to as they appeared in the court below.

The admitted facts show that prior to January 25, 1921, a large block of oil and gas leases was assembled in Russell County, Kansas, covering approximately four townships. The leases were five year leases, providing by their terms that they were to expire five years from date unless oil and gas was then being produced on the premises. The Focks Drilling and Manufacturing Company was grantee in the leases. An escrow agreement was executed by the Focks Drilling and Manufacturing Corporation, and the Bunker Hill State Bank, wherein it was provided that the leases should be placed in escrow with the bank, that drilling operations should be undertaken within ninety days from the time the block was completed and should be continued until the completion of the well; that the escrow agent was to keep possession of the leases until a derrick was erected, machinery placed on the premises, and a well spudded in, when the leases were to be delivered to the Focks Drilling and Manufacturing Company. March 4, 1924, the Focks Drilling and Manufacturing Company assigned all its interest in the escrow agreement to plaintiff, Ben Preston. April 2, 1924, the Bunker Hill State Bank filed its petition in the District Court of Russell County, Kansas, against the Focks Drilling and Manufacturing Company and other defendants. This case was removed to the District Court of the United States and was dismissed on the 22nd day of June, 1926. It does not appear from the record what the nature of this suit was or who all the defendants were. Some time thereafter, the exact time not appearing in the abstract, the Bunker Hill State Bank returned all of the oil and gas leases to the defendants by whom they were executed. About May 14, 1924, plaintiff erected a derrick, spudded in a well and drilled it to an approximate depth of six hundred feet. This well was never completed. In 1934, Charles B. Taylor filed a suit against the Focks Drilling Company and others. Again it does not appear from the record who the defendants

were. The suit was decided by the Supreme Court of Kansas December 12, 1936. Taylor v. Focks Drilling & Mfg. Corp., 144 Kan. 626, 62 P.2d 903.

■ Plaintiff asserts that in Kansas an oil and gas lease conveys an interest in realty and that under the applicable Statute of Limitations an action to recover the same may be maintained within fifteen years from the accrual thereof.

It is not necessary to determine whether the interest sought to be recovered is realty or personalty; the cause of action asserted by plaintiff lies in equity. Plaintiff seeks to impress a trust on specific property and to have an accounting. Whether he may maintain this action is to be determined by the equitable principle of estoppel and not by the applicable statute of limitations of Kansas.

■ Equity rewards the diligent and punishes the slothful. It does not concern itself with the mere lapse of time, but with the inequity of permitting a claim to be enforced. Taylor v. Salt Creek Consolidated Oil Co., 8 Cir., 285 F. 532; Minnesota Mut. Inv. Co. v. McGirr, 8 Cir., 263 F. 847; Standard Oil Co. of Colorado v. Standard Oil Co., 10 Cir., 72 F.2d 524; City of Roswell v. Mountain States Telephone & Telegraph Co., 10 Cir., 78 F.2d 379; Window Glass Mach. Co. v. Pittsburg Plate Glass Co., D.C., 46 F.2d 484; Winn v. Shugart, 10 Cir., 112 F.2d 617, Decided May 29, 1940.

Fourteen years have passed since plaintiff spudded in his well and claims to have been entitled to the possession of these leases. During all these years plaintiff stood by and did nothing to enforce the claim which he now asserts. The original leases have expired by their own limitations. Other leases have been given to other parties who have developed the premises and brought in production. The only excuse offered by plaintiff for this inordinate delay in instituting his action is that the acts of defendants and the bank

in refusing to deliver the leases, and pending litigation, have prevented him from carrying out the agreement to drill a well.

■ Where it is sought to excuse delay in instituting speedy and expeditious action to assert a claim to property because of pending litigation, it must appear that the pending litigation is of such a character that it prevents the assertion of the claim. Lindholm v. Heithecker, 113 Kan. 96, 213 P. 671; Harrison v. Scott, 77 Kan. 637, 95 P. 1045. Nothing appearing in the record indicates that there was anything in the pending litigation preventing plaintiff from either proceeding with the completion of the well or from asserting his rights to the leases in any court of competent jurisdiction.

It is also to be noted that the litigation instituted by the Bunker Hill State Bank terminated in 1926 and that the suit instituted by Taylor was not begun until 1934. There was, therefore, a period of eight years when apparently no litigation was pending.

■ A court of equity looks with especial disfavor upon any unnecessary delay in asserting a claim to property that is highly speculative in character. One may not idly sit by for any considerable period of time without asserting his claim to property of a highly speculative nature to await the outcome of the efforts by others to develop and prove the property, and when such efforts are crowned with success, come in and claim the fruits thereof. Such conduct is frowned upon by a court of equity. Twin-Lick Oil Co. v. Marbury, 91 U.S. 587, 23 L.Ed. 328; Patterson v. Hewitt, 195 U.S. 309, 25 S.Ct. 35, 49 L.Ed. 214; Gildersleeve v. New Mexico Mining Co., 161 U.S. 573, 16 S.Ct. 663, 40 L.Ed. 812; James v. Anderson, 39 N.M. 535, 51 P.2d 601; 21 C.J. § 220, p. 225. Plaintiff's conduct in sitting by for more than fourteen years effectively estops him from asserting any claim to this property at this late hour.

The judgment is affirmed.