No. 37,893

W. B. Dalton, *Appellee,* v. Irving Hill and Justin D. Hill, *Appellants.*

(219 P. 2d 710)

Opinion filed June 10, 1950.

*C. C. Stewart,* of Lawrence, argued the cause, and *O. K. Petefish,* of Lawrence, was with him on the briefs for the appellants.

*A. B. Mitchell,* of Lawrence, argued the cause, and *Donald S. Hults* and *George K. Melvin,* both of Lawrence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an action to recover damages for fraud alleged to have been committed by the defendants in acquiring 72 shares of

stock of the Lawrence Paper Company from the plaintiff at a sale price of far less than its fair actual value. The appeal is from an order of the trial court overruling a demurrer to the amended petition.

The action was commenced on June 10, 1948, by the filing of a petition. Motions to strike portions of this pleading were filed by each of the two persons named therein as defendants. They were only partially sustained. Defendants then moved to set aside unfavorable portions of the trial court's rulings. In January, 1949, and before these last motions were presented, the plaintiff filed an amended petition. The defendants attacked this pleading by separate motions to elect, to strike and to make more definite and certain. These motions were overruled in part and sustained in part. Thereafter each defendant demurred to the amended petition on grounds that two causes of action were improperly joined, that it failed to state a cause of action against either defendant, and that it disclosed on its face that the cause of action attempted to be stated against both defendants were barred by the statute of limitations. When these demurrers were overruled the defendants perfected this appeal. Thereupon the trial court stayed all proceedings in the cause pending its disposition.

We pause to note two questions raised by appellee. He challenges the power of the trial court to stay the proceeding and the right of appellants to be heard on the instant appeal prior to the trial of the cause on its merits. Neither point deserves much consideration. If after overruling the demurrer the district court, either upon application of the appealing party or its own motion, deemed it advisable to continue the hearing of the cause on its merits for purposes of appellate review it had that right (G. S. 1935, 60-2933) and its action in doing so was largely discretionary (*Bliss v. Carlson,* 17 Kan. 325; *Westheimer v. Cooper,* 40 Kan. 370, 19 Pac. 852; *Gurney v. Steffens,* 56 Kan. 295, 43 Pac. 241). The granting of the stay amounted to nothing more than a continuance. Appellee makes no showing of abuse of discretion. In its absence we cannot say the trial court's action was erroneous. More than that, even if it had been, the error would be of no avail to appellee at this stage of the proceeding. Under the statute (G. S. 1935, 60-3302 [second]) and our decisions (*Sanik v. Shryock Realty Co.,* 156 Kan. 641, 645, 135 P. 2d 545; *Bartholomew v. Guthrie,* 71 Kan. 705, 81 Pac. 491) a ruling on a demurrer, whether sustained or over-

ruled, is appealable and when it reaches this court through proper channels is entitled to consideration.

From what has been stated it is apparent the sufficiency of the amended petition is the principal issue and that matters antedating it, although they may be incidentally involved, are of secondary importance. For that reason to quote such pleading in toto will not only tell the story and result in an accurate recital of the facts upon which the right of the parties depend but dispense with all possibility of confusing those facts, as counsel have been prone to do in their briefs and arguments, with others involved in extended litigation (*Dinsmoor v. Hill,* 164 Kan. 12, 187 P. 2d 338; also *Dalton v. The Lawrence National Bank, Murphy v. The Lawrence National Bank* and *Hurst v. The Lawrence National Bank,* consolidated, and decided and reported this date, as *Dalton v. The Lawrence National Bank,* 169 Kan. 401, 219 P. 2d 719) pertaining to the settlement and disposition of the M. G. Bowersock Trust but not here in question because they are not to be found in such pleading. Omitting formal allegations of little or no importance it reads:

"That the Lawrence Paper Company is a corporation organized and existing under and by virtue of the laws of the State of Kansas and having its office and principal place of business at Lawrence, Kansas. That at all times concerned herein the Lawrence Paper Company had issued and outstanding 4,000 shares of capital stock.

"That this plaintiff was the owner of the entire interest in and to 72 shares of stock in the Lawrence Paper Company, which stock was held in the name of the M. G. Bowersock Trust. That this plaintiff was entitled to a distribution to him of said 72 shares of stock from said M. G. Bowersock Trust under an agreement dated September 3, 1942, which agreement covered all shares held in the name of M. G. Bowersock Trust but that no distribution of said shares of stock had been made by said trust at the times herein complained of. That after September 3, 1942, and prior to May 23, 1944, the defendants, Irving Hill and Justin D. Hill, acting and conspiring together determined to purchase a sufficient amount of Lawrence Paper Company Stock which had been held by the M. G. Bowersock Trust to give the Hill family more than 50 percent of said stock and the controlling interest in said paper company and so acting and conspiring together for the purpose of defrauding this plaintiff did through misrepresentations and failure to disclose the facts within the knowledge of defendants as hereinafter described acquire on the 23rd day of May, 1944, from this plaintiff his rights in and to 72 shares of Lawrence Paper Company Stock and at the time of acquiring the same, defendants failed and neglected to inform plaintiff that they were buying his stock together with other stock for the purpose of securing majority control of said company.

"That the defendant, Irving Hill, was at all times herein mentioned the President and General Manager of said Lawrence Paper Company, and the defendant, Justin D. Hill, was the Vice President and Manager in charge of production in the business of said company.

"That the defendant, Irving Hill, on or about the 20th day of May, 1944, falsely and fraudulently represented to this plaintiff knowing said representation to be misleading, false and fraudulent, that Lawrence Paper Company Stock paid no dividends, and that it had no real value, and that it was not a good investment, and that the plaintiff would be acting for the best interests of his son Loring, to whom plaintiff told Irving Hill he wanted to sell his stock, if he sold his stock to Justin D. Hill, and that the plaintiff and his son Loring would be better off if plaintiff sold plaintiff's stock to Justin D. Hill, son of Irving Hill, at the price offered by Justin D. Hill.

"That Justin D. Hill caused to be sent to plaintiff on the 19th day of May, 1944, from the Trust Department of the Lawrence National Bank of Lawrence, Kansas, a letter, knowing the contents of said letter to be misleading, false and fraudulent, offering to buy plaintiff's 72 shares of stock in the Lawrence Paper Company at a price of $107.50 per share, said letter falsely and fraudulently represented that said stock was of the value of not to exceed $107.50 per share, and that said stock was not a dividend payer, and that earnings were used to develop the business, and that there was no market for this stock, and that an examination and audit of the value of the shares had been made, and that from said examination and audit Justin D. Bowersock sold his 234 shares and the Fanny P. Bowersock Trust had sold its 90 shares of Lawrence Paper Company Stock to Justin D. Hill upon their solicitation to Justin D. Hill to buy from them at said price. That a true and correct copy of said letter is attached hereto and marked 'Exhibit A' and made a part hereof.

"That Irving Hill and Justin D. Hill, officers of said Lawrence Paper Company as herein alleged, fraudulently failed, and neglected to disclose to plaintiff that the real and actual value of Lawrence Paper Company stock in May, 1944, was in excess of $400.00 per share, or the true financial condition of the company and that said defendants were acting together in negotiating for the purchase of plaintiff's stock by them.

"That the representations made to this plaintiff by Irving Hill and by Justin D. Hill were falsely and fraudulently made for the purpose and with the intention that the plaintiff would believe as he did from said representations that the Lawrence Paper Company was not in a financial condition to pay dividends, that its earnings were insufficient for that purpose and that its financial condition was unsound. At the time of the making of such representations, the defendants, and each of them, knew the condition of the company. They knew at said time that there was sufficient cash on hand in said company to pay approximately $107.50 on each and every share of stock outstanding without recourse to any other assets. That defendants knew it had many other assets composed of a leasehold, buildings and a complete paper mill, merchandise and accounts receivable. Defendants knew that its books showed that it had at that time a book value of more than $250.00 per share on its stock. Defendants knew that it had been making for several years prior to that time very large profits and was a going concern in excellent condition. Defendants knew that its books showed that it had assets of approximately $900,000.00 over and above its outstanding indebtedness. That the defendants, Irving Hill and Justin D. Hill, as officers of said Lawrence Paper Company failed and neglected at said time to disclose to this plaintiff, a stockholder in said company, their knowledge as hereinbefore alleged of the true condition of said

company, all of which was calculated by said defendants to deceive and mislead this plaintiff.

"That plaintiff believing in and relying upon the statements of defendants herein set out, having confidence in them, and as a stockholder relying upon the defendants as officers of the company to make full disclosure of the value of stock in and the true condition of the Lawrence Paper Company to the plaintiff, and having no knowledge upon the subject or the condition of the Lawrence Paper Company sold his rights in and to 72 shares of stock in the Lawrence Paper Company to the defendants for $107.50 per share on the 23rd day of May, 1944, said purchase being made in the name of Justin D. Hill. That by such purchase and the purchase of other trust stock defendants did acquire majority control of said Lawrence Paper Company.

"That plaintiff first became aware of and discovered that defendants representations herein alleged were false and untrue and that said defendants had failed and neglected to tell him of the real value of the shares of stock in the Lawrence Paper Company and the true condition of said company, as herein alleged (when plaintiff heard evidence at the Court House at Lawrence, Kansas, in the case of Mary B. Dinsmoor, et al. vs. Irving Hill, et al., No. 18141, in the District Court of Douglas County, Kansas) on June 12, 13 and 14, 1946.

"That plaintiff because of defendants, Irving Hill, and Justin D. Hill's misleading, false and fraudulent statements, and their failure and neglect to advise plaintiff in their capacities as officers of said company of the real value of shares of stock in and the true condition of the Lawrence Paper Company and the true purpose for which they desired to purchase the stock, has been damaged in the sum of $21,060.00.

"Plaintiff further states that the conspiracy above referred to entered into by defendants together with the false and fraudulent representations to plaintiff by them and the omission by defendants in failing to give plaintiff full information was intentional, deliberate, willful and malicious. That by reason thereof and for the further reason that defendants occupy a fiduciary capacity and a capacity of trust toward plaintiff, a stockholder in the Lawrence Paper Company, as officers and directors of said company, plaintiff is entitled to punitive damages in the sum of $25,000.00."

At the outset it should be said a close analysis of appellants' claims of error, both in their briefs and on oral argument, reveals that they rely principally upon the proposition their demurrers should have been sustained on the ground appellee's cause of action was barred by the statute of limitations. For that reason other matters relied on but not so strenuously urged will be disposed of early in this opinion.

Conceding that appellants' specification of errors raises the question whether the trial court erred in overruling the first ground of their demurrers predicated upon the premise that two causes of action were improperly joined such question is no longer entitled to consideration on appellate review. It is neither briefed nor argued

and, under our decisions, must be regarded as abandoned (*Henderson v. Deckert,* 160 Kan. 386, 162 P. 2d 88; *Carver v. Farmers & Bankers Broadcasting Corp.,* 162 Kan. 663, 179 P. 2d 195; *Liston v. Rice,* 162 Kan. 644, 645, 179 P. 2d 179; *Cimarron Co-operative Equity Echange v. Warner,* 166 Kan. 190, 200 P. 2d 283).

Without regard to the statute of limitations it is urged the allegations of the amended petition are insufficient to state a cause of action against either of the appellants for actionable fraud. No useful purpose would be served and it would only encumber our reports to here detail or labor appellants' contentions in support of their position on this point. It suffices to say that while the plaintiffs were not the same and there was an additional party defendant in the three appeals disposed of in *Dalton v. Lawrence National Bank,* supra, this day decided, the petitions there involved, which were likewise attacked, contained similar allegations respecting the alleged fraud of the appellants as officers and directors of the Lawrence Paper Company in acquiring stock of that corporation from other stockholders and that all contentions here advanced by appellants in support of the claim now under consideration were there made and definitely rejected. In view of what is said and held in *Dalton v. Lawrence National Bank,* supra, we have little difficulty in deciding, and now hold, that the instant pleading, accepting its allegations as true and giving them the benefit of all reasonable inferences as we are required to do in testing its sufficiency when challenged by demurrer, states a cause of action against both appellants on account of fraud unless questions pertaining to the statute of limitations not yet considered or decided compel a conclusion that appellee's right to maintain the action is barred by its terms.

The amended petition in this case was filed approximately two and one-half years after the date on which the fraud relied on was alleged to have been discovered. It charged that appellee was the owner of the entire interest in and entitled to distribution of the seventy-two shares of the involved Lawrence Paper Company stock which at the time of its sale to appellants was held in the name of the M. G. Bowersock Trust whereas the petition alleged such stock had been withdrawn from the trust and that appellee was the owner thereof. Appellants contend that this constituted such a departure in pleading that it must be held the amended petition stated an entirely new cause of action. Obviously, if this were true, the cause

of action set forth in the amended petition would be barred by the statute of limitations (G. S. 1935, 60-306 [third]). We have held (see *Springer v. Roberts*, 151 Kan. 971, 101 P. 2d 908) that where an amendment to a petition sets forth a new cause of action the statute continues to run until the amendment is filed. However, we are unable to agree that this change of language in the two pleadings resulted in a departure. Under our liberal civil code there is no departure unless the facts alleged in the amended petition so contradict the allegations of the petition that it can be said there has been a material change in the cause of action first pleaded *(Armstrong v. Lough*, 128 Kan. 167, 277 Pac. 51). In fact this court has defined the term and held it to be the abandonment by a party of the grounds set up in a prior pleading and the allegation of matter inconsistent therewith *(Kolich v. Travelers Ins. Co.*, 154 Kan. 458, 119 P. 2d 498). Resort to the two pleadings here involved makes it crystal clear that under the allegations of each appellee was claiming to be the real owner of the shares of stock involved and that he had disposed of his right, title, and interest therein as a result of appellants' fraudulent conduct. It is true, as appellants point out, that *Johnson v. Bank*, 59 Kan. 250, 52 Pac. 860, holds that in an action for damages for the conversion of personal property an allegation in the petition of ownership generally followed by an admission in a subsequent pleading that plaintiff's ownership was special, as that of a mortgagee, constituted a departure and was fatal. Even so the case does not support their position. The rule there stated is based upon special requirements of the statute relating to pleadings in an action of replevin or for the conversion of personal property (see *Kennett v. Peters*, 54 Kan. 119, 37 Pac. 999) and has no application to the sufficiency of pleadings in other actions.

Like some of the other matters to which we have heretofore referred the issues involved under allegations of the amended petition and raised by the appellants regarding the time when the statute of limitations started to run on the cause of action set forth in the instant action are substantially the same as those determined in *Dalton v. Lawrence National Bank*, supra. Therefore, following that decision, we hold (a) the fact the letter written by the Trust Department of the Lawrence National Bank, alleged to have been sent to and received by appellee at the direction of appellant, Justin D. Hill, tendering an audit of the books of the Lawrence Paper Com-

pany did not in and of itself start the running of the statute; (b) the fact the Lawrence Paper Company filed an annual corporate statement with the Secretary of State did not have that effect; (c) that under the statute appellee's cause of action did not accrue until discovery of the fraud relied on, and (d) that under all the facts as set forth in the amended petition there was no discovery of, and the statute did not start to run against, such fraud until June 12, 1946, which was less than two years from the date of the commencement of the action.

Appellants' final contention can best be stated in their own language. In their brief they say: "Therefore, it is the law that in order to recover on a cause of action based on fraud, the plaintiff must bring his action within the two-year period or must allege and prove that the fraud was not, *and could not with reasonable diligence have been,* discovered until within two years before the bringing of the action."

Thus, since we are not here concerned with the sufficiency of evidence, it appears the gist of their claim on this point is that appellee entirely failed to allege in the pleading in question that he could not have discovered the fraud earlier by the exercise of reasonable diligence and therefore failed to state a cause of action.

They cite *Malone v. Young,* 148 Kan. 250, 81 P. 2d 23; *Preston v. Shields,* 159 Kan. 575, 156 P. 2d 543, and *Schulte v. Westborough, Inc.,* 163 Kan. 111, 180 P. 2d 278, and insist that what is there said and held compels the sustaining of their position. We do not agree. When those decisions are carefully examined and analyzed the most that can be said for them is that they hold that in such an action a party is required to plead facts which disclose inability to discover the fraud by the exercise of reasonable diligence. Even so, that does not mean, nor can those decisions be construed as intending to hold that the pleading under attack must contain express affirmative allegations of that character. If—as here—it contains an express allegation the fraud relied on was not discovered until within two years from the date of the commencement of the action it is sufficient to withstand an attack by demurrer based upon the ground it fails to state a cause of action unless other facts set forth therein suggest a source from which the fraud could have been discovered earlier. To hold otherwise would disregard the plain language of our civil code stating that a defendant can only demur to a petition on the ground it fails to state a cause of action when that defect appears on its face (G. S. 1935, 60-705) and providing that when it does not so

appear upon the face of the pleading the objection may be taken by answer (G. S. 1935, 60-707). It would also wholly ignore the universal rule that as against a demurrer the allegations of a pleading are entitled to the benefit of all reasonable inferences.

This we believe, although the factual situation here involved does not require its application, is the rule even though the challenged pleading might contain allegations susceptible of a construction that the person defrauded had some reason to suspect the wrong which had been perpetrated upon him. Early in the history of this court in *Marbourg v. M'Cormick*, 23 Kan. 38, we said:

" . . . 'Discovery of the fraud' is the language of the statute. That implies knowledge, and is not satisfied by mere suspicion of wrong. The suspicion may be such as to call for further investigation, but is not of itself a discovery. A party, even though his suspicions have been aroused, may well be lulled into confidence, and take no action by such representations as were made. And it would be strange if a party who had disarmed suspicions by his representations could thereafter plead those suspicions as ground for immediate inquiry and action. This is not a case where a party is chargeable with notice of existing equities, or the rights of third parties, but involves simply the question of liability between the immediate parties." (p. 43.)

See, also, *Pickens v. Campbell*, 98 Kan. 518, 523, 159 Pac. 21.

In conclusion it should perhaps be added that even if it be assumed appellants' contention on this particular point includes a claim the instant pleading contains allegations suggesting the fraud therein alleged could or should have been discovered earlier by the exercise of reasonable diligence our examination of such pleading fails to disclose anything which warrants that construction.

The order overruling the demurrer is affirmed.

THIELE, J., not participating.

WEDELL, J. (concurring in part and dissenting in part): I concur in all parts of the opinion except the portion thereof which pertains to the statute of limitations.

The question is whether the petition alleged sufficient facts to relieve plaintiff from the operation of the two year statute of limitations pertaining to discovery of the fraud. The action was not instituted until June 10, 1948. It is alleged the fraudulent purpose of defendants to acquire stock existed as early as 1942 and culminated with the purchase thereof in May, 1944; that plaintiff was ignorant of the fraud until June 12, 13 or 14, 1946, when he heard evidence in the trial of the case of *Dinsmoor v. Hill*, No. 18141 in the district court of Douglas county (the latter case was filed in that

court July 12, 1945, and decided in this court December 6, 1947. *Dinsmoor v. Hill,* 164 Kan. 12, 18, 187 P. 2d 338).

The instant petition was filed a few days before the two year period expired after the alleged discovery of the fraud and about four years after the alleged perpetration of the fraud. The pertinent part of G. S. 1935, 60-306, *Third,* reads:

"Within two years . . . an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

What do the words in the statute "discovery of fraud" mean? That question has long been laid at rest. In *City of Coffeyville v. Metcalf,* 134 Kan. 361, 5 P. 2d 807, an opinion written by the late Justice Rousseau A. Burch, those words were defined as follows:

"In the subdivision of the statute of limitation relating to actions for relief on the ground of fraud and providing that a cause of action shall not be deemed to have accrued until discovery of the fraud (R. S. 60-306, *third*), *discovery of the fraud means discovery of such facts as would, on reasonably diligent investigation, lead to knowledge of the fraud.*" (Syl. ¶ 2.) (Emphasis supplied.)

It is thus clear mere ignorance of fraud does not toll the statute. That, of course, is a rule of necessity. Otherwise the statute could easily be completely nullified by a plaintiff's simple allegation and testimony he had been ignorant of the fraud, until a designated date, notwithstanding a multitude of facts and circumstances would have apprised him of the fraud had he pursued them with ordinary diligence. The rule has been applied to notice imparted by the recording statutes and in numerous other cases as will presently appear. In fact, it is the uniform rule. In *Bluff City v. Western Light & Power Corp.,* 137 Kan. 169, 19 P. 2d 478, it was held:

"On an objection to the introduction of evidence because the action for relief, on the ground of fraud, is barred by the two-year statute of limitations (R. S. 60-306, subdiv. 3), *the allegation of recent discovery of the fraud,* which occurred more than two years earlier is subject to the effect of constructive notice *and to the application of the uniform rule that if by the exercise of reasonable diligence the fraud could have been discovered earlier,* the failure to discover it will not toll the running of the statute." (Syl. ¶ 3.) (Italics supplied.)

The rule that fraud is deemed to have been discovered whenever in the exercise of reasonable diligence it might have been discovered has been the settled law of this state as announced in a continuous succession of cases. A few of them are: *Donaldson v. Jacobitz,* 67 Kan. 244, 72 Pac. 846; *Dusenbery v. Bidwell,* 86 Kan. 666, 676-677,

121 Pac. 1098; *Rogers v. Lindsay*, 89 Kan. 180, 181-182, 131 Pac. 611; *Foy v. Greenwade*, 111 Kan. 111, 117-118, 206 Pac. 332; *City of Coffeyville v. Metcalf*, supra; *Bluff City v. Western Light & Power Corp.*, supra; *Malone v. Young*, 148 Kan. 250, 263-264, 81 P. 2d 23; *Herthel v. Barth*, 148 Kan. 308, 81 P. 2d 19, 119 A. L. R. 326; *Manka v. Martin Metal Mfg. Co.*, 153 Kan. 811, 817, 113 P. 2d 1041; *Preston v. Shields*, 159 Kan. 575, 581, 156 P. 2d 543; *Schulte v. Westborough, Inc.*, 163 Kan. 111, 114-116, 180 P. 2d 278, 172 A. L. R. 259, 265.

In the Herthel case, *supra*, we said:

"That the statutes of limitation, in such cases as this, apply where relief is sought on the theory of constructive trusts growing out of fraud, cannot be doubted. (*Main v. Payne*, supra; *Kennedy v. Kennedy*, 25 Kan. 151; *City of Clay Center v. Myers*, 52 Kan. 363, 35 Pac. 25; *Kahm v. Klaus*, supra; *Bell v. Bank of Whitewater*, supra; 37 C. J., Limitations of Actions, Implied or Constructive Trusts, § 270; Restatement, Restitution, §§ 148 (2) and 179.) G. S. 1935, 60-313, provides:

" 'When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense.'

"*It has been expressly held that statute is broad enough to include all actions, whether legal or equitable.* (*Hogaboom v. Flower*, 67 Kan. 41, 43, 72 Pac. 547.) Furthermore, our statute of limitations with respect to actions for relief on the ground of fraud *makes no exception relative to constructive trusts resulting from fraud.* We are not permitted to ingraft new exceptions onto the statute. (*Regier v. Amerada Petroleum Corp.*, 139 Kan. 177, 183, 30 P. 2d 136.)" (p. 312-313.) (Emphasis supplied.)

To the same effect is the Malone case, *supra*, see p. 264. In the Malone case we also said:

"While the statute of limitations does not begin to run until the discovery of the fraud, plaintiff, under the general rule heretofore stated and under the repeated decisions of this court, is not relieved from such discovery by simply alleging ignorance of the fraud, but is required to plead facts which disclose inability to discover the fraud by the exercise of ordinary diligence." (p. 264.)

The same rule applies to the equitable doctrine of laches. In the Malone case we quoted with approval from Bogert, in his work on Trusts and Trustees, as follows:

" 'But mere proof of ignorance is not enough to excuse delay. The ignorance must have been reasonable—must have existed despite the exercise of due care to learn the facts and to protect the cestui's rights. A cestui que trust cannot sit idly by and close his eyes to what is going on around him. "One who would repel the imputation of laches on the score of ignorance of his rights must be without fault in remaining so long in ignorance of those rights. Indolent ignorance and indifference will no more avail than will vol-

untary ignorance of one's rights." As a Pennsylvania court has said: *"Laches is not excused by simply saying: 'I did not know.'* If by diligence a fact can be ascertained, the want of knowledge so caused is no excuse for a stale claim. *The test is not what the plaintiff knows, 'but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him.'* "' (Vol. 4, p. 2747.)" (p. 263.) (Emphasis supplied.)

In the Preston case, *supra,* we held:

" 'One may not sit idly by for any considerable time, without asserting claim to property of highly speculative nature, to await outcome of others' efforts to develop and improve such property, and, when such efforts are successful, come in and claim fruits thereof.' (*Preston v. Kaw Pipe Line Co.,* 113 F. 2d 311.)" (Syl. ¶ 8.)

In the opinion we stated:

"Ignorance of fraud at the time of its alleged commission is not charged. Moreover a mere allegation of ignorance at the time of its commission, or later, would not suffice. A party is required to plead facts which disclose inability to discover the fraud by the exercise of reasonable diligence. (*Malone v. Young,* 148 Kan. 250, 81 P. 2d 23.) The instant petition does not meet those requirements." (p. 581.)

Likewise in the recent Schulte case, *supra,* we held:

"In order to state a cause of action on the ground of fraud which will toll the running of the two-year statute of limitations it is necessary that the petition clearly disclose the fraud was not, and in the exercise of reasonable diligence could not have been, discovered earlier than within the two-year period preceding the commencement of the action."

Although a few early cases may contain language not entirely consistent with this view they have not been followed and are not in harmony with the great weight of authority generally. The rule of pleading stated in this opinion has not been applied in a single isolated case but in various kinds of cases, including trust cases, where this court has been required to rule on the sufficiency of allegations in a petition to toll the statute of limitations. Some of them are *Bluff City v. Western Light & Power Corp., Malone v. Young, Herthel v. Barth, Preston v. Shields,* omnia supra; *Schulte v. Westborough, Inc.,* supra, 172 A. L. R. 259, 265, 266.

This rule of pleading is in harmony with the rule adopted in most jurisdictions. See anno. to Schulte case, *supra,* 172 A. L. R. 259, 265, 266.

Assuming, of course, for the purpose of the demurrer defendants knew the value of the stock to plaintiff exceeded $107.50 per share,

there is not the semblance of an allegation plaintiff could not in the exercise of ordinary care have discovered that fact long before the two-year statute expired. The opinion in three consolidated cases, this day decided, related to the instant case, and referred to in the instant majority opinion (*Dalton v. The Lawrence National Bank*, No. 37,894, 169 Kan. 401, 219 P. 2d 719; *Murphy v. The Lawrence National Bank*, No. 37,895, 169 Kan. 401, 219 P. 2d 719; *Hurst v. The Lawrence National Bank*, No. 37,896, 169 Kan. 401, 219 P. 2d 719) is in nowise controlling here. Those cases involve trust duties. Moreover, in each of them it is at least, in substance, alleged the respective plaintiffs did not discover the fraudulent acts and in the exercise of ordinary diligence were unable to discover the fraud earlier than the date alleged in the petition; that the facts constituting the fraud were peculiarly within the knowledge of the defendants and were concealed by them from the plaintiffs. The fact the petitions in those cases contained such allegations is clearly set forth and properly emphasized in that opinion.

True defendants had duties commensurate with their position. Defendants' duties, however, did not relieve the plaintiff of exercising ordinary diligence in the premises in order to discover the alleged fraud. Plaintiff cannot escape the plain interpretation this court has placed on the fraud statute.

Another allegation in the instant petition might well be treated but other duties preclude my doing so.